## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| C.P., individually and on behalf of F.P., a minor child; D.O., individually and on behalf of M.O., a minor child; S.B.C., individually and on behalf of C.C., a minor child; A.S., individually and on behalf of A.A.S., a minor child; John and Jane Doe, individually and on behalf of their minor child; James Doe, Y.H.S. and H.Y., individually and on behalf of their minor child, C.H.S., J.M. and E.M. on behalf of their minor child, C.M., M.M., individually and on behalf of K.M.; and on behalf of ALL OTHERS SIMILARLY SITUATED, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br><br><br><br><br>Judge Noel L. Hillman<br><br>Magistrate Judge Karen M. Williams<br><br><br>CLASS ACTION COMPLAINT |
|           Plaintiffs, | )<br>) | |
| v. | | |
| NEW JERSEY DEPARTMENT OF EDUCATION; LAMONT REPOLLET, Commissioner of Education, | | |
|           Defendants. | | |

NOW COME Plaintiffs C.P., individually, and on behalf of F.P.,[1] a minor child (the "C.P. Family"); D.O., individually and on behalf of her minor child M.O. (the "D.O. Family"); A.S., individually and on behalf of her minor child A.A.S. (the "A.S. Family"); S.B.C. individually and on behalf of her minor child C.C. (the "S.B.C. Family"); John and Jane Doe #1, on behalf of their minor child James Doe (the "Doe Family");[2] Y.H.S. and H.Y., on behalf of their minor child, C.H.S. (the "Y.H.S. Family"), J.M. and E.M. on behalf of their minor child, C.M. (the "J.M. Family"), M.M., individually and on behalf of her minor child K.M. (the "C.M. Family"); and on behalf of all others similarly situated (the "Plaintiffs" or the "Class"), by and through counsel, and for their Class Action Complaint against Defendants New Jersey Department of Education ("NJ-DOE"); and Lamont Repollet, Commission of Education ("Commissioner Repollet"), in his official capacity, hereby state as follows:

## NATURE OF THE ACTION

1.    This action, which is related to, but substantively different than, Docket No. 1:18-cv-9580 (NLH)(KMW) (the "Initial Case"), arises from systemic flaws in NJ-DOE's system for timely resolving special education cases in the State of New

---

[1] Plaintiffs are identified by initials pursuant to Fed. R. Civ. P. 5.2(a)(3) so as to protect the identities of the minor children.

[2] The "Doe" family wishes to remain more fully anonymous than they would be should they be known by their initials, because their petition for due process is still currently pending in the Office of Administrative Law, and they fear that their participation in this case could prejudice their position in the proceedings before the Office of Administrative Law.

Jersey, such that the NJ-DOE systematically denies parents and their children with disabilities their right to timely resolution of their special education claims under the "45 Day Rule" embodied in 34 C.F.R. 300.515 and N.J.A.C. 6A:14-2.7(j).

2.    Plaintiffs' claims are focused solely on violations of the time limit established by 34 C.F.R. 300.515 and N.J.A.C. 6A:14-2.7(j) for completing due process hearings, and do not challenge the NJ-DOE's selection of the Office of Administrative Law ("OAL") as the venue for resolution of special education due process hearings.

3.    Plaintiffs seek only declaratory and injunctive relief, and class certification pursuant to Rule 23(b)(2), because Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

4.    Indeed, unlike the plaintiffs in the Initial Case, Plaintiffs herein are not asserting any claims for damages or compensatory education, which would be different from class member to class member, and instead reserve the rights of individual class members to proceed separately to the extent that they are entitled to compensatory relief.[3]

---

[3] Notwithstanding the class allegations stated below, each individual plaintiff herein reserves the right (should certification be denied) to proceed individually to seek that portion of the relief sought that would be available to them without class certification, including all injunctive relief sought herein.

5.    Additionally, unlike the plaintiffs in the Initial Case, Plaintiffs herein do not seek interlocutory review of any specific decisions from the OAL.

6.    Plaintiffs seek only the following relief:

- Class certification;

- An Order declaring and adjudging that the NJ-DOE has violated the Individuals with Disabilities Education Act, 20 U.S.C. 1414, *et seq.* (the "IDEA") and related state regulations by systemic breach of 34 C.F.R. 300.515 and N.J.A.C. 6A:14-2.7(j) during the Class Period (defined below as the two years prior to the filing of the initial complaint in the Initial Case), and also that the entire controversy doctrine shall not preclude individual Class members from separately asserting, in a future action arising out of the conduct alleged in this Complaint, any rights they may have to compensatory education or such other relief as may be deemed appropriate;

- An Order compelling NJ-DOE to correct its practices prospectively, such that special education disputes will be resolved in accordance with the time limits mandated by 34 C.F.R. 300.515 and N.J.A.C. 6A:14-2.7(j);

- An Order appointing a Federal Monitor to oversee NJ-DOE, until such time as this Court deems the NJ-DOE to be in full compliance with the law;

- Notice to all Class members of this Court's Order, and advising them of their prospective legal rights;

- An Order awarding reasonable attorneys' fees and costs associated with this action; and

- An incentive payment, to be made by NJ-DOE, to the named plaintiffs, in an amount determined by the Court to be reasonable in light of the burden of participating in this litigation and the benefit of the litigation to the Class members.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction premised upon the IDEA and 42 U.S.C. 1983.

8.     This Court may order declaratory and injunctive relief pursuant to 28 U.S.C. 2201 and 2202.

9.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. 1367, to adjudicate any state claims, that arise out of the same facts as the federal claims asserted herein.

10.     Personal jurisdiction exists over the Defendants.

11.     Venue is proper pursuant to 28 U.S.C. 1391 as all the events giving rise to the claims herein occurred in this District.

## LEGAL FRAMEWORK

12.     IDEA guarantees that every child with a disability receives a free appropriate public education ("FAPE") from his/her public school if that school receives federal funding. 20 USC 1412(a)(1)(A); 34 CFR 300.101(a).

13.     The U.S. Supreme Court has held that not only children with disabilities have legal rights under IDEA; their parents are entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 1996 (2007).

14.    The IDEA guarantees children with disabilities and their parents numerous legal rights identified as "Procedural Safeguards." *See* 20 U.S.C. 1415; 34 C.F.R. 300.500-520.

15.    "Any State educational agency, State agency, or local educational agency that receives assistance under this subchapter shall establish and maintain procedures in accordance with this section to **ensure that children with disabilities and their parents are guaranteed procedural safeguards** with respect to the provision of a free appropriate public education by such agencies." 20 U.S.C. 1415(a) (emphasis added.)

16.    States are eligible to receive federal funding for special education "if the State submits a plan that provides assurances to the U.S. Secretary of Education that the State has in effect policies and procedures to ensure that the State meets each of the following conditions: a FAPE is available to all children with disabilities residing in the State between the ages of 3 and 21 . . . **Children with disabilities and their parents are afforded the procedural safeguards** required by section 1415 of this title" among other rights. 20 U.S.C. 1412(a)(6)(A) (emphasis added.)

17.    NJ-DOE receives federal funds pursuant to IDEA, 20 U.S.C. 1412, and therefore must comply with the statute's provisions.  On information and belief, therefore, NJ-DOE has submitted a plan to the United States Secretary of Education

ensuring that it has procedural safeguards in place for children with disabilities in the State of New Jersey.

18.     Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. 1403(a).  Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. 1403(b).

19.     One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. 1415(b)(6).

20.     From the date of filing a complaint (a "Due Process Complaint"), the Local Education Authority ("LEA") has thirty (30) days within which to settle or otherwise resolve the dispute. 20 U.S.C. 1415(f)(1)(B)(ii); 34 C.F.R. 300.510(a)(1). Within the meaning of IDEA, a "day" means a calendar day, and does not exclude weekends or holidays. 34 C.F.R. 300.11(a).

21.     If the dispute is not resolved to the satisfaction of the parents within a 30-day "resolution period," it may proceed to a due process hearing. 20 U.S.C. 1415(f)(1)(B)(ii) ("If the local educational agency has not resolved the complaint to

the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all of the applicable timelines for a due process hearing under this subchapter shall commence"); 34 C.F.R. 300.510(b)(1).

22.    ***As directly relevant to the instant action***, the law requires a final decision to be rendered in the due process case <u>within 45 days after the end of the 30-day resolution period</u>. 34 C.F.R. 300.515(a) ("The public agency <u>must ensure that not later than 45 days</u> after the expiration of the 30 day period . . . [a] final decision is reached in the hearing." (emphasis added)).  This requirement is modified, however, by 34 C.F.R. 300.515(c), which states that "A hearing or reviewing officer may grant **specific extensions of time** beyond the periods set out in paragraphs (a) and (b) of this section **at the request of either party**." 34 C.F.R. 300.515(c) (emphases added).  This is commonly referred to as the "45 Day Rule."

23.    New Jersey implements the federal 45 Day Rule by state regulation, which closely tracks the federal regulation:

> A final decision shall be rendered by the administrative law judge not later than 45 calendar days after the conclusion of the resolution period . . . unless **specific adjournments** are granted by the administrative law judge in response to **requests by either party** to the dispute.

> N.J.A.C. 6A:14-2.7(j) (emphases added).

## NEW JERSEY'S SPECIAL EDUCATION
## DISPUTE RESOLUTION SYSTEM

24.     In New Jersey, the primary means for initiating a special education dispute is the filing of a written "request for due process hearing" (a "Due Process Petition") with NJ-DOE's Office of Special Education Programs ("OSEP").[4] N.J.A.C. 6A:14-2.7(c); *accord* NJ-DOE, OSEP webpage, "Legal Protections and Responsibilities." *Available at https://www.state.nj.us/education/specialed/due/.*

25.     "The written request shall include the student's name, student's address, the student's date of birth, the name of the school the student is attending and shall state the specific issues in dispute, relevant facts and the relief sought and, in the case of a homeless child, available contact information for the child and the name of the school the child is attending." N.J.A.C. 6A:14-2.7(c).

26.     The respondent named in the Due Process Petition must be given notice of the request by the filing party. N.J.A.C. 6A:14-2.7(c).

27.     "When the Office of Special Education Programs receives a request for a due process hearing, the matter shall be processed and, as appropriate, mediation

---

[4] OSEP has re-branded itself more than once in the recent past, first renaming itself the Office of Special Education ("OSE"), then the "Office of Special Education Policies and Procedures" ("OSEPP") and, more recently, the Office of Special Education Dispute Resolution ("SPED-R").  But even the NJ-DOE's own website has not kept up with these name changes.  The New Jersey Administrative Code still refers to the subpart of the NJ-DOE responsible for special education as the Office of Special Education Programs.  *See, e.g.*, N.J.A.C. 6A:14-2.6(d) ("Mediation is available from the Department of Education at the State level through the **Office of Special Education Programs**." (emphasis added)).  Accordingly, this Complaint uses the same nomenclature for the office, abbreviated as OSEP.

and a due process hearing in accordance with these rules will be made available to the parties." N.J.A.C. 6A:14-2.7(g).

28.    In the alternative to the above-described procedure, parents also may commence special education dispute resolution by requesting mediation from the NJ-DOE. N.J.A.C. 6A:14-2.6.

29.    If mediation is unsuccessful, the petitioner may request the matter be converted from a mediation request to a request for a due process hearing. The 30 day resolution period begins to run as of the conversion date. If the matter is not resolved during the resolution period, OSEP will transmit the matter to the OAL for adjudication in accord with 34 C.F.R. 300.515 and N.J.A.C. 6A:14-2.7(j).

30.    From the filing date of the Due Process Petition, the LEA has a 30-day period to try to resolve the dispute through mediation or a resolution meeting. N.J.A.C. 6A:14-2.6(d)(3) and 2.7(h).

31.    If the Due Process Petition is not resolved within 30 days, NJ-DOE transmits the case to OAL. N.J.A.C. 6A:14-2.7(h)(4).[5]

## **PARTIES**

### *The C.P. Family*

32.    Plaintiff C.P. is the mother of F.P., who is classified as a child eligible for special education and related services, pursuant to the IDEA.

---

[5] The timelines for an expedited Due Process Petition are shorter.

33.    On April 27, 2017, C.P. filed a petition for due process on her own behalf and on behalf of F.P. with the NJ-DOE.

34.    On October 24, 2017, NJ-DOE transmitted the matter to the OAL as a contested matter.[6]

35.    A final decision was issued pursuant to the hearing on December 13, 2018 by Administrative Law Judge Leslie Z. Celentano.

36.    During the pendency of the case, after accounting for (and deducting the days related to) specific adjournments requested by either party or by consent, three hundred nine (309) days elapsed from the date the matter was transmitted to the OAL to the date a final decision was issued.[7]

37.    The final decision did not resolve the sole claim asserted in C.P.'s petition for due process.

38.    C.P. filed an appeal on March 13, 2019 and is pending in this Court. *See C.P. o/b/o F.P. v. Clifton Bd. of Edu.*, Civ. Action No. 19-8469 (JLL)(LAD).

39.    F.P. is currently 12 years old, and likely to remain classified throughout his age-eligibility for IDEA services. Accordingly, C.P. has a reasonable

---

[6] Transmittal of the due process petition was delayed at the request of both parties to allow additional time to negotiate a settlement.

[7] A total of 415 days elapsed from transmittal date to decision date. 106 days are accounted for by specific adjournments requested by the parties, leaving 309 days. Notably, another 120 days is attributable to scheduling issues, i.e., offered hearing dates for which one or both counsel were unavailable. Plaintiffs in this matter (including C.P.) will argue, if necessary, that such delays caused by scheduling conflicts of counsel are not "specific adjournments" as contemplated by the governing regulations. But even assuming that these delays are excusable (which they are not), a total of 189 days elapsed between transmittal to the final decision date.

expectation that she may enter into a dispute with her school district in the future over special education services to be provided to F.P.  As such, C.P. has standing to seek prospective injunctive relief against the NJ-DOE in this case.

*The D.O. Family*

40.    Plaintiff D.O is the mother of M.O., who is classified as eligible for special education and related services, pursuant to the IDEA.

41.    On August 27, 2015, D.O. filed a petition for due process with the NJ-DOE on M.O.'s behalf.

42.    On September 29, 2015, NJ-DOE transmitted the matter to the OAL as a contested matter.

43.    A final decision was issued pursuant a motion for summary decision on September 1, 2016, by Administrative Law Judge Robert Bingham II, (on recall) that granted judgment to D.O.

44.    During the pendency of the case, after accounting for (and deducting the days related to) specific adjournments requested by either party or by consent, 338 days elapsed.

45.    Because the decision from the OAL did not specify the nature of the compensatory education to be provided by the LEA, and because D.O. knew that further proceedings in the OAL would not be performed in a timely manner, it became necessary for D.O. to bring an action to enforce the judgment in this Court.

46.    That action was filed on March 8, 2017, and was pending in this Court until an Order Approving Settlement was eventually entered (after Rule 12 motion practice and other preliminary proceedings) on August 16, 2018.

47.    An application for attorneys' fees was decided by this Court on April 30, 2019.  *See D.O. o/b/o M.O. v. Jackson Township Bd. of Edu.*, Civ. Action No. 17-158 (TJB).

48.    M.O. is currently fourteen (14) years old, and likely to remain classified throughout his age-eligibility for IDEA services.   Accordingly, D.O. has a reasonable expectation that she may enter into a dispute with her school district in the future over special education services to be provided to M.O.  As such, D.O. has standing to seek prospective injunctive relief against the NJ-DOE in this case.

*The A.S.. Family*

49.    Plaintiff A.S. is the mother of A.A.S., who is classified as eligible for special education and related services, pursuant to the IDEA.

50.    On May 3, 2017, A.S. filed a petition for due process with the NJ-DOE on A.A.S.'s behalf.

51.    On June 8, 2017, NJ-DOE transmitted the matter to the OAL as a contested matter.

52.    On November 29, 2017, prior to a hearing being conducted, settlement was reached between A.S. and her school district.

53.     The settlement was entered as a Decision Approving Settlement Order on December 15, 2017 by Administrative Law Judge Ellen Bass.

54.     During the pendency of the case, after accounting for (and deducting the days related to) specific adjournments requested by either party or by consent, more than 45 days elapsed.

55.     By the settlement, A.S. released her claims against her local school district.  But she did not release any claims she may have had against the Defendants for the violations of the law alleged by this Complaint.

56.     A.A.S. is currently eleven (11) years old , and likely to remain classified throughout his age-eligibility for IDEA services.  Accordingly, A.S. has a reasonable expectation that a special education dispute may arise with her school district in the future.  As such, A.S. has standing to seek prospective injunctive relief in this case.

*The S.B.C. Family*

57.     Plaintiff S.B.C. is the mother of C.C., who is eligible for special education and related services, pursuant to the IDEA.

58.     On June 7, 2017, S.B.C. filed a petition for due process with the NJ-DOE on C.C.'s behalf.

59.     On July 7, 2017, NJ-DOE transmitted the matter to the OAL as a contested matter.

60.    On May 23, 2018, settlement was reached between S.B.C. and her school district.

61.    The settlement was entered as Decision Approving Settlement on June 1, 2018 by Administrative Law Judge Kimberly A. Moss.

62.    By the settlement, S.B.C. released her claims against her local school district.  But she did not release claims against the NJ-DOE.

63.    During the pendency of the case, after accounting for (and deducting the days related to) specific adjournments requested by either party or by consent, more than 45 days elapsed.

64.    On August 1, 2018 an action for attorneys' fees was filed and is still pending in this Court.  *See S.B.C. o/b/o C.C. v. State-Operated School District, City of Paterson,* Civil Action No. 2:18-cv-12336 (JMV)(JBC).

65.    C.C. is currently five (5) years old, and likely to remain classified throughout his age-eligibility for IDEA services.  Accordingly, S.B.C. has a reasonable expectation that a special education dispute may arise with her school district in the future.  As such, S.B.C. has standing to seek prospective injunctive relief in this case.

*The Doe Family*

66.    Plaintiffs John and Jane Doe are the parents of James Doe, who is eligible for special education and related services, pursuant to the IDEA.

15

67.     On February 6, 2019, John and Jane Doe filed a petition for due process with the NJ-DOE on James Doe's behalf.

68.     On March 8, 2019, NJ-DOE transmitted the matter to the OAL as a contested matter.

69.     On April 22, 2019, the mandated 45 day period to adjudicate a contested matter expired (alternatively "for an ALJ to reach a final decision in a hearing and mail a copy of that decision to each party expired").

70.     Neither party has specifically requested any adjournments.

71.     No hearing dates have yet been set.

72.     Thus, the NJ-DOE has violated the 45 Day Rule in this case.

*The Y.H.S. Family*

73.     Plaintiffs Y.H.S. and H.Y. are the parents of C.H.S., who is eligible to receive special education and related services, pursuant to the IDEA.

74.     On October 20, 2017, Y.H.S. and H.Y. filed a Request for Mediation Only on behalf of C.H.S. with the NJ-DOE.   The Request for Mediation was converted to a request for a due process hearing on November 15, 2017.

75.     On November 28, 2017, NJ-DOE transmitted the matter to the OAL as a contested matter.

76.     On December 14, 2107, Y.H.S. and H.Y. sought emergent relief in the OAL for violation of the IDEA's "stay put" rule.   That relief was denied.

77.    Y.H.S. and H.Y. then proceeded to this Court to seek a Temporary Restraining Order requiring compliance with stay-put.  The case was assigned to Judge Madeline Cox Arleo, District Court Judge.

78.    On May 30, 2018, after a preliminary hearing and settlement conference had been held, a settlement of the underlying case was reached.

79.    By the settlement, Y.H.S. and H.S. released their claims against their local school district.  But they did not release claims against the NJ-DOE.

80.    During the pendency of the case, after accounting for (and deducting the days related to) specific adjournments requested by either party or by consent, one hundred eight-three (183) days elapsed.

81.    C.H.S. is currently fourteen (14) years old, and likely to remain classified throughout his age-eligibility for IDEA services.  Accordingly, the Y.H.S. Family has a reasonable expectation that a special education dispute may arise with her school district in the future.  As such, Y.H.S. and H.Y. have standing to seek prospective injunctive relief in this case.

*The J.M. Family*

82.    Plaintiff J.M. and E.M. are the parents C.M., who is eligible to receive special education and related services, pursuant to the IDEA.

83.    On May 25, 2016, J.M. and E.M. filed a petition for due process with the NJ-DOE on C.M.'s behalf.

84.    On July 18, 2016, NJ-DOE transmitted the matter to the OAL as a contested matter.

85.    On October 12, 2018, a final decision was issued dismissing J.M. and E.M.'s due process petition with prejudice.

86.    During the pendency of the case, after accounting for (and deducting the days related to) specific adjournments requested by either party or by consent, more than 45 days elapsed.

87.    An appeal of the final decision dismissing J.M. and E.M.'s due process petition is pending before this Court.  *See J.M. v. E.M., individually and o/b/o C.M. v. Summit City Board of Education, Case No. 2:19-cv-00159 (JMV)(JAD).*

88.    C.M. is currently ten years old, and likely to remain classified throughout his age-eligibility for IDEA services.  Accordingly, the J.M. Family has a reasonable expectation that a special education dispute may arise with his school district in the future.  As such, J.M. and E.M. have standing to seek prospective injunctive relief in this case.

## The M.M. Family

89.    Plaintiff M.M. is the mother of K.M., who is classified as eligible for special education and related services, pursuant to the IDEA.

90.    On August 30, 2017, M.M. filed a petition for due process with the NJ-DOE on K.M.'s behalf.

91.    On October 25, 2017, NJ-DOE transmitted the matter to the OAL as a contested matter.

92.    On May 23, 2018, settlement was reached between M.M. and her school district.

93.    The settlement was entered as a Decision Approving Settlement on November 1, 2018, by Administrative Law Judge Elissa Mizzone Testa.

94.    By the settlement, M.M. released her substantive claims against her local school district.  But she did not release claims against the NJ-DOE.

95.    By the settlement, M.M. also released her substantive claims in a related action pending before this Court, *M.M., individually, and M.M. on behalf of K.M. v. Paterson Board of Education*, Civil Action No. 2:17-11948 (JMV)(JBC). M.M.'s claims for attorney's fees remain pending in that action.

96.    During the pendency of the case, after accounting for (and deducting the days related to) specific adjournments requested by either party or by consent, two hundred ten (210) days elapsed from the date the matter was transmitted to OAL to the date the matter was settled.

97.    K.M. is currently seventeen (17) years old, and likely to remain classified throughout his age-eligibility for IDEA services.  Accordingly, M.M. has a reasonable expectation that a special education dispute may arise with her school

district in the future.  As such, M.M. has standing to seek prospective injunctive relief in this case.

## *The New Jersey Department of Education*

98.    Defendant New Jersey Department of Education is a State Educational Agency ("SEA") as that term is defined in 20 U.S.C. 1401(32); 34 C.F.R. 300.41; and a "public entity" as that term is defined in 42 U.S.C. 12131(1); 28 C.F.R. 35.104; and otherwise receives federal funds for special education under various federal statutes and, as such, is responsible for establishing and maintaining a system for resolution of disputes and ensuring compliance with all mandates arising under the numerous federal statutes for providing special education through its Office of Special Education Programs.

99.    NJ-DOE has its principal place of business located at 100 River View Plaza, Trenton, Mercer County, New Jersey 08625-0500.

## *Commissioner Lamont Repollet*

100.    Lamont Repollet, Commissioner of Education ("Commissioner Repollet"), is the officer in charge of the NJ-DOE.

101.    Commissioner Repollet is named herein in his official capacity.

## **CLASS ALLEGATIONS**

102.   The Class Period is defined as running from May 23, 2016 (i.e., two years prior to the filing of the Initial Case) until the present, and prospectively until this action is terminated.

103.   The Plaintiffs bring this class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of themselves and:

> A. All persons who, pursuant to the IDEA, have *ever* filed Due Process Petitions with the NJ-DOE, and whose case was not fully resolved before May 23, 2016, and who, after their Due Process Petition was transmitted to the OAL, did not receive a decision within 45 days thereafter, excluding the time associated with any specific adjournments made at the request of either party; **AND**

> B. All persons who, pursuant to the IDEA, received a copy of the PRISE on or after May 23, 2016 (collectively with those described in Paragraph 101(A), above, the "Class").

104.   Specifically *excluded* from the above Class Definition are the following:

- Any attorney appearing in this case on behalf of any party, and the immediate family of any such attorney; and

- Any employee of any defendant, and the immediate family of any such employee; and

- Any employee of the OAL, including but not limited to Administrative Law Judges, and the immediate family of any such employee; and

- Any Judge assigned to this Case and any staff to those judges, and the immediate family of any such Judge or staff member.

105.   The Class consists of at least thousands of persons located throughout the State of New Jersey.  Thus, the members of the Class are so numerous and geographically separated that joinder of all Class members is impracticable.

106.   NJ-DOE possesses records, including those in the possession, custody or control of local school boards responsible to the NJ-DOE, that would permit, after disclosure of such records, Plaintiffs to ascertain the number and, indeed, the specific identity of all Class members.

107.   The Class Representatives will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in special education and class action litigation.

108.   Named Plaintiffs' claims are typical of those the members of the Class and have no interests that are adverse or antagonistic to those of the Class.

109.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

110.   Common questions of law and fact exist as to all members of the Class and predominate over any questions particular to any single member of the Class. Among the questions of law and fact common to the Class are:

> A. Whether Defendants violated and continue to violate federal and state law and regulations by their failure to ensure the timely resolution of special education disputes; and
>
> B. Whether Defendants breached their duties and the procedural safeguards owed to Plaintiffs.

## ALLEGATIONS SUPPORTING LIABILITY

### *The U.S. Department Of Education Findings*

111.   On August 18, 2018, the U.S. Department of Education (the "US-DOE") informed the NJ-DOE that it would be conducting an on-site visit, which would "focus primarily on a review of the [NJ-DOE]'s dispute resolution system." The US-DOE asked to meet with the NJ-DOE "staff involved in, and responsible for, the oversight of this area within the [NJ-DOE]."

112.   The On-Site Visit was conducted on September 20-21, 2018.

113.   In response to the US-DOE's request, the NJ-DOE provided data indicating, *inter alia*, the following:

- In school year 2015-16, one thousand two hundred and thirty four (1,234) due process complaints were filed.  Of these, fifty eight (58) were resolved within the timeline.[8] This amounts to compliance with the timeline in 5% of cases.

- In school year 2016-17, one thousand two hundred and ninety two (1,292) due process complaints were filed.  Of these, fifty two were resolved within the timeline.[9] This amounts to compliance with the timeline in 4% of cases.

114.   The US-DOE scheduled the on-site visit, in part, because it had received complaints "related to the way the [NJ-DOE] calculates the 45-day timeline with respect to issuing a final hearing decision."

---

[8] This calculation relies upon the generous assumption of the validity of NJ-DOE's methodology.  *But see infra* at ¶¶113-15 (indicating that US-DOE found NJ-DOE out of compliance with the timelines, in part, because of the use by the OAL of the fictional "federal days" nomenclature.
[9] *Id.*

115.   "One complaint alleged that the [NJ-DOE] counts "Federal days" instead of calendar days in calculating the 45-day timeline. According to the complaint, ALJs only count days as "Federal days" against the 45-day timeline when an action took place with regards to the hearing."

116.   "As an example: once a due process hearing request is transferred to the State's OAL, a settlement conference is held; Second, within days to weeks, a prehearing conference is held with the ALJ and both parties to schedule hearing dates. Third, within days to weeks, a hearing is held. These three actions are considered as three (3) 'Federal days' and are counted against the 45-day timeline, but the days and weeks between each action are not counted when calculating the 45-day timeline."

117.   "During the on-site visit, [US-DOE] discussed this practice with NJ-DOE officials who also confirmed that ALJs who serve as hearing officers use 'Federal days,' rather than calendar days in calculating the 45-day timeline. The [NJ-DOE] was unable to provide its definition of 'Federal day' or method for calculating the 45-day timeline, and acknowledged that it does not have a mechanism for ensuring that ALJs who serve as hearing officers are reaching hearing decisions and mailing a copy of the decision to the parties within the 45-day timeline. Proper calculation of the due process hearing decision timeline using calendar days is essential to ensuring the timely resolution of due process complaints filed by parents

and school districts on matters relating to the identification, evaluation, educational placement of a child with a disability, or the provision of a free appropriate public education to the child."

118.   "Regarding extensions of the 45-day timeline, NJ-DOE explained to [US-DOE] that when an ALJ grants an extension to the 45-day timeline, an adjournment is granted pursuant to N.J.A.C. 1:6A-9.2. While this [NJ-DOE] provision, on its face, is consistent with 34 C.F.R. 300.515(c), NJ-DOE staff acknowledged that they have no mechanism to ensure that adjournments are granted at the request of a party and that the ALJ specifies either the length of the adjournment or the date by which the decision will be mailed to the parties."

119.   US-DOE formed the following conclusions, as a result of its on-site visit and the information gathered there:

- NJ-DOE "does not have procedures for ensuring that decisions in due process hearings are issued within the 45-day timeline or within allowable extensions, because: (i) [NJ-DOE] does not have procedures for ensuring that ALJs who serve as hearing officers use calendar days, consistent with the definition of day in [applicable federal regulations] for reaching a final decision in a due process hearing and mailing the decision to each of the parties; and (ii) the State does not have procedures for ensuring that ALJs who serve as hearing officers grant adjournments, as set forth in [state regulations], consistent with the provision for granting extensions of the 45-day timeline in [federal regulations] for a specific period of time and at the request of a party.

- "Consequently, NJ-DOE has failed to exercise its general supervisory and monitoring responsibility pursuant to [statute and regulation.]"

- "Because the NJ-DOE does not have procedures for ensuring that hearing decisions reached within the 45-day timeline or an allowable extension is properly calculated, the [NJ-DOE] cannot ensure that its IDEA section 618 Dispute Resolution Data submission on fully adjudicated hearings completed within timeline and within extended timelines is accurate."

### *Report By New Jersey Special Education Practitioners*

120.   In 2016, the New Jersey Special Education Practitioners ("NJSEP")[10] created a task force to study the State of New Jersey's compliance with the 45 Day Rule.   The study was extensive and reviewed NJ-DOE's own statistics, data documented in one hundred fifty five (155) final decisions dated between July 2, 2014 to December 22, 2017 related to special education disputes filed between September 27, 2012 and December 19, 2017.

121.   In March 2018, the Report of New Jersey Special Education Practitioners was submitted to New Jersey Governor Phil Murphy with copies to Defendant Commissioner Repollet; ALJ Lisa James- Beavers, Acting Director and Chief ALJ at the OAL; and, John Worthington, then-Director of OSEP; among others, on March 21, 2018 ("NJSEP 45 Day Report").[11]

---

[10] NJSEP consists of more than one hundred (100) attorneys and professional advocates in the State of New Jersey who represent exclusively children with disabilities and their parents in special education disputes.  The majority of the attorneys signing this Complaint are currently members of NJSEP, and all meet its eligibility requirements.
[11] Two of the attorneys appearing in this action, John Rue and Lisa Quartarolo, served on the NJSEP 45-day task force.  *See* NJSEP 45 Day Report at 3, n.6, available at https://edlawcenter.org/assets/files/pdfs/issues-special-education/NJSEP_45_DAY_REPORT_w_APPENDIX_M.pdf.  Ms. Quartarolo was its primary author.  *Id.*

122.   The NJSEP 45 Day Report found that, despite the federal and state law requirement that special education cases brought pursuant to IDEA be decided within 45 days of the conclusion the 30-day resolution period, <u>on average</u> such cases took three hundred twelve (312) days[12] to be adjudicated.[13] The 45 Day Report found New Jersey was noncompliant dating back to 2011.

123.   NJSEP called upon those with authority, Governor Murphy, the NJ-DOE, and the OAL, to take immediate action to rectify noncompliance.

### *Internal OAL Tracking*

124.   On September 27, 2017, the Innisfree Foundation, a non-profit organization, made a public records request to the NJ-DOE, seeking "the document tracking 'federal days' for all special education due process proceedings that were initiated from January 1, 2014 to present."

125.   On December 19, 2017, the NJ-DOE produced the tracking document requested.

126.   The document shows that the NJ-DOE was out of compliance with the 45-day rule and, at least as of the end of 2017, and had been out of compliance for some time.

---

[12] This number reflects cases that did not seek emergent relief or special education discipline cases, which must be adjudicated on an expedited bases pursuant to 20 U.S.C. 1415(k)(3), & 34 C.F.R. 300.532(c).

[13] The number of days that elapsed between that date the due process petition was transmitted to the OAL as a contested matter. and the date of the final decision in the matter ranged from one (1) to one thousand, one hundred seventy-eight (1,178) days.

*Illustrative Case Example*

127.    By way of example only, in one particular case which was presided over by the Chief Judge of the OAL,[14] the petition was transmitted on March 3, 2015. The following procedure ensued:

- A three-day hearing was convened, beginning on June 1, 2015, i.e., **ninety days** after transmittal.[15]

- But that did not complete the hearing, and three more hearing days were convened on June 17, 2015; September 14, 2015; and September 15, 2015.  Thus, the live hearing concluded **one hundred and ninety six days** after transmittal.[16]

- Subsequently, written summations were submitted, and the record closed on November 5, 2015, i.e., **two hundred and forty seven days** after transmittal.[17]

- The case then went dormant for some time.  Finally and at last, on March 12, 2019, i.e., **one thousand four hundred and seventy days** after transmittal, the case was decided.[18]

- Although the opinion makes no reference to any specific requests for adjournments made by either party, none would have been relevant after the record closed.

---

[14] *D.D. & D.D. o/b/o S.D. v. West Windsor-Plainsboro Reg'l Bd. of Edu.*, OAL DKT. NO. EDS 3079-15, Agency DKT. NO. 2015 22224, at 1, *available at* https://www.state.nj.us/education/legal/specialed/2019/mar/2015-22224.pdf.

[15] *Id.* at 2.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 1.

***"Parental Rights in Special Education" (the "PRISE"), Published by NJ-DOE***

128.   OSEP publishes a booklet entitled Parental Rights in Special Education

(the "PRISE").  *See* NJ-DOE, OSEP website, *Parental Rights in Special Education*,

*available at https://www.state.nj.us/education/specialed/form/.*

129.   In the PRISE, OSEP acknowledges its obligation to ensure that special

education disputes are resolved within 45 days.

> **How long does it take for the case to be decided?**
>
> After resolution activities have occurred and the case has been transmitted to the OAL, the due process hearing must be completed, and a copy of the decision mailed to you and the school district within 45 days, unless specific extensions of time have been granted by the ALJ.[FN13]
>
> [FN 13] When an ALJ grants an extension, commonly referred to as an "adjournment," the calendar days that pass during the adjournment are not counted in the 45 day timeframe. Therefore, in cases where an adjournment is granted, it may take longer than 45 calendar days for a decision to be issued and provided to you.

*Id.* at 20.

130.   NJ-DOE knows or should know that it does **not** ensure timely

resolution of special education disputes within forty five days.

131.   Consequently, every parent who has received a copy of the PRISE

during the Class Period (defined below) has been injured and continues to be injured

by the NJ-DOE's misconduct, sufficiently to confer Article III standing on each of

them.

## INJURIES SUFFERED

132.    Members of the Class have been injured by the NJ-DOE's failure to ensure timely resolution of special education disputes by violation of their rights under the procedural safeguards, deprivation of FAPE, incurring unnecessary attorneys' fees, emotional distress, and other injuries.

133.    The deprivation of FAPE referenced above includes, among other things, delays or failures in securing adequate remedies to complaints of inadequate evaluations, IEPs, and placements or failure to implement IEPs.

134.    While direct financial compensation for those losses is not sought by this complaint, such compensation is not waived.    Rather, the pursuit of such compensation is reserved for pursuit by individual members of the Class, as appropriate to their specific circumstances.

## COUNT ONE
## (20 U.S.C. 1415 -- SYSTEMIC VIOLATION OF THE 45 DAY RULE)

135.    Plaintiffs repeat and reallege the preceding allegations of this Complaint and incorporate them herein by reference as if set forth in full.

136.    Upon information and belief, NJ-DOE, as SEA, receives federal funding and is, pursuant to 20 U.S.C. 1415(a), charged with responsibility to "establish and maintain procedures . . .  to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education . . . ."

137.   NJ-DOE has failed to ensure the timely resolution of special education disputes, as required by federal and state law.

## COUNT TWO
## (DECLARATORY JUDGMENT)

138.   Plaintiffs repeat and reallege the preceding allegations of this Complaint and incorporate them herein by reference as if set forth in full.

139.   The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. 2201(a).

140.   There is an actual and justiciable controversy between the Class and Defendants, in that Defendants have failed and continue to fail to comply with either IDEA's or New Jersey's timeline for resolving special education disputes.

141.   Defendants have been provided data regarding the violations of aspects of IDEA and New Jersey law and have been asked to repair the system by NJSEP.

142.   To date, Defendants have taken no action to repair the system; and it remains broken.

143.   As a result, parents and their children with disabilities are being denied the their right to timely resolution of their special education claims under the 45 Day Rule.

## COUNT THREE
## (Injunctive Relief Pursuant to 42 U.S.C. 1983)

144.   Plaintiffs repeat and reallege the preceding allegations of this Complaint and incorporate them herein by reference as if set forth in full.

145.   Plaintiffs have a right to receive final decisions on their requests for due process within the time limitations established by 34 C.F.R. 300.515.

146.   Pursuant to 20 U.S.C. 1415(a), NJ-DOE is responsible for ensuring that Plaintiffs receive final decisions on their requests for due process within the time limitations established by 34 C.F.R. 300.515.

147.   The NJ-DOE, acting under color of state law, has deprived Plaintiffs of the aforesaid right.

148.   Plaintiffs are entitled to make application to this Court to remedy the manifest injustice occasioned upon Plaintiffs by the NJ-DOE's failure to ensure that Plaintiffs receive final decisions on their requests for due process.

149.   Pursuant to 42 U.S.C. 1983, Plaintiffs are entitled to an Order granting preliminary and permanent injunctive relief compelling the NJ-DOE to ensure that

final decisions on Plaintiffs' requests for due process are issued within the time

limitations established by 34 C.F.R. 300.515.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request the relief stated below:

A.    Class certification.

B.    An Order declaring and adjudging that the NJ-DOE violated the IDEA
and related regulations by systemic breach of the 45-day Rule during
the Class Period.  Such declaratory judgment should also adjudge that
members of the Class are not precluded by the entire controversy
doctrine from bringing individual claims in a future action, for
compensatory education or such other relief as may be deemed
appropriate, arising out of the conduct alleged in this Complaint.

C.    An Order that the NJ-DOE must correct its practices, such that New
Jersey special education disputes will be resolved within 45-days
prospectively.

D.    An Order appointing a Federal Monitor to oversee NJ-DOE, until
such time as this Court deems the NJ-DOE to be in full compliance
with the law.

E.    An Order that NJ-DOE must send notice to all Class Members, in a
form to be provided by Class Counsel (to be appointed by the Court)
and approved by this Court, apprising them of this Court's declaratory
judgment and the prospective rights of Class members under this
Court's decision, and providing the contact information for Class
Counsel to answer questions they may have about this Court's
decision and their prospective rights.

F.    An Order of an incentive payment to be made to each named plaintiff
in the Class, in an amount to be determined by the Court based on the
burden imposed upon each such plaintiff related to their participating
in this litigation.

G.    An Order awarding reasonable attorneys' fees and costs associated
with this action.

**Signed:**

**John Rue & Associates, LLC**

By: _____

John Rue, Esq.
Donald A. Soutar, Esq.
Krista Lynn Haley, Esq.
Lisa M. Quartarolo, Esq.
Saran Q. Edwards, Esq.
37 Main Street
Sparta, NJ 07871
www.johnruelaw.com
(862) 283-3155

**Walsh Pizzi O'Reilly Falanga LLP**

By:    **/s Thomas J. O'Leary**[*]
Thomas J. O'Leary, Esq.
Zahire Estrella-Chambers, Esq.
David D. Cramer, Esq.
One Riverfront Plaza
1037 Raymond Blvd., 6th Floor
Newark, NJ 07102
www.walsh.law
(973) 757-1100

**Reisman Carolla Gran & Zuba LLP**

By:    **/s Catherine Merino Reisman**[*]
Catherine Merino Reisman, Esq.
Judith A. Gran, Esq. (*pro hac vice* admission anticipated)
19 Chestnut Street
Haddonfield NJ 08033
www.rcglawoffices.com
(856) 354-0071

---

[*]    With consent for "/s" signature.

**Law Office of David R. Giles**

By:    **/s David R. Giles**<sup>*</sup>
       David R. Giles, Esq.
       34 Rynda Road
       South Orange, NJ 07079
       www.davidgileslaw.com
       (973) 763-1500

**Law Office of Denise Lanchantin Dwyer LLC**

By:    **/s Denise Lanchantin Dwyer**<sup>*</sup>
       Denise Lanchantin Dwyer, Esq.
       5 Duxbury Court
       Princeton Junction, NJ 08550-2137
       (609) 632-0475

**Wasserman Legal LLC**

By:    **/s Jeffrey I. Wasserman**<sup>*</sup>
       Jeffrey I. Wasserman, Esq.
       1200 Route 22 East, Suite 2000, # 2238
       Bridgewater, New Jersey 08807
       www.wasslegal.com
       (973) 486-4801

\*      With consent for "/s" signature.