```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| C.P., individually and on behalf of F.P., a minor child, et al. | Civil Action No. 19-12807 |
| Plaintiffs, | **MEMORANDUM OPINION & ORDER** |
| V. | |
| NEW JERSEY DEPARTMENT OF EDUCATION, et al., | |
| Defendants. | |

**HILLMAN, District Judge**

WHEREAS on November 11, 2019, proposed *amici curiae* SPAN Parent Advocacy Network; Advocates for Children of New Jersey; Council of Parent Attorneys and Advocates; Disability Rights New Jersey; Education Law Center; NJ Special Education Practitioners; Volunteer Lawyers for Justice; Esther Canty-Barnes, Esq.; and Jennifer N. Rosen Valverde, Esq. (collectively, "*Amici Curiae*"), filed a motion for leave to appear as *amici curiae* and for leave to file their briefing as within time, in support of Plaintiffs' motions for class certification and for a preliminary injunction (ECF No. 39); and

WHEREAS *Amici Curiae* represented to the Court that they "obtained consent for leave to file from Plaintiffs' Counsel . . . and obtained neither consent for nor objection to leave to file from Defendants' Counsel" (ECF No. 39 at 16); and

WHEREAS the Court construed the representation of *Amici Curiae* as evincing a lack of opposition – by all parties - to their involvement in this action; and

WHEREAS on that basis, and after conducting its own review, on November 12, 2019, this Court granted *Amici Curiae's* motion for leave to appear (ECF No. 40); and

WHEREAS on November 25, 2019, despite *Amici Curiae's* representation, Defendants advised the Court of their opposition to *Amici Curiae's* involvement in this action (ECF No. 50); and

WHEREAS in light of the circumstances and to avoid any prejudice, the Court vacated its Order granting *Amici Curiae's* motion for leave to appear (ECF No. 40) and provided Defendants an opportunity to file opposition to *Amici Curiae's* motion; and

WHEREAS on December 13, 2019, Defendants did in fact file such opposition (ECF No. 59); and

WHEREAS Defendants argue that *Amici Curiae* should not be granted leave to appear because the position they support is "already adequately represented" by Plaintiffs and their counsel (ECF No. 59 at 3); and

WHEREAS further, Defendants argue that the Court should deny *Amici Curiae's* motion on the grounds that *Amici Curiae* "are merely attempting to appear as yet another advocate for Plaintiffs' position." (ECF No. 59 at 4); and

WHEREAS Defendants therefore conclude that "[b]ecause

[*Amici Curiae*] are unable to serve as an objective resource to this Court due to their clear interest and bias, their participation is not necessary or appropriate and their motion for leave to appear should be denied." (ECF No. 59 at 4-5); and

WHEREAS Plaintiffs filed reply papers generally disputing Defendants' position (ECF No. 60); and

WHEREAS *Amici Curiae* argue that their favoring one position over another does not render their involvement in this action inappropriate or unwarranted. Particularly, *Amici Curiae* argue that neither "the rules of federal court practice nor case precedent supports Defendant's [sic] erroneous proposition that an *amicus curiae's* support of a party's position is tantamount to a lack of neutrality or objectivity." (ECF No. 61 at 6); and

WHEREAS moreover, *Amici Curiae* aver that their involvement is not duplicative. *Amici Curiae* argue that they appear to inform the Court of the interests of "vulnerable children with disabilities in the State, including those whose families are indigent or low income; those who are undocumented and/or have limited English proficiency; those whose parents, too, are disabled; those whose parents have limited educations; and those who are involved in the child welfare or juvenile justice systems." (ECF No. 61 at 7). *Amici Curiae* suggest that those interests differ from those of the named-Plaintiffs. See (ECF No. 61 at 7); and

WHEREAS district courts have inherent authority to appoint or preclude participation by *amici*.  Smith v. Chrysler Fin. Co., No. 00-cv-6003, 2003 U.S. Dist. LEXIS 1798, *21 (D.N.J. Jan. 15, 2003); and

WHEREAS while there is no rule in the district court governing the appearance of an *amicus curiae*, district courts have been guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29, which governs the appearance of *amici* in the circuit courts.  Granillo v. FCA US LLC, No. 16-cv-153, 2018 U.S. Dist. LEXIS 167693, *10-11 (D.N.J. Sept. 28, 2018) (citing U.S. v. Alkaabi, 223 F. Supp. 2d 583, 592 (D.N.J. 2002)).  In accordance with that rule, courts consider the following factors in deciding whether to permit involvement by *amici*: whether "(1) the amicus curiae has a 'special interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." Id. (quoting Prof'l Drug Co. Inc. v. Wyeth Inc., No. 11-cv-5479, 2012 U.S. Dist. LEXIS 147607, 2012 WL 4794587, *1 (D.N.J. 2012)); and

WHEREAS Defendants refer the Court to Neonatology Assocs., P.A. v. Comm'r, 293 F.3d 128, 131 (3d Cir. 2002), in which the Third Circuit held that leave should be denied where proposed *amici* lack "an adequate interest" in the action, where a court

finds *amici's* involvement undesirable, and where a court finds the matter presented by *amici* is irrelevant to the disposition of the case at hand. See <u>Neonatology Assocs., P.A. v. Comm'r</u>, 293 F.3d 128, 131 (3d Cir. 2002); and

WHEREAS <u>Neonatology</u> also stands for the proposition that a proposed amicus need not be impartial or disinterested; quite the opposite in fact. In order to properly serve as a friend of the court, "an amicus [must] have an 'interest' in the case[.]" <u>Id.</u> As the Third Circuit explained, "an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." <u>Id.</u>; and

WHEREAS <u>Neonatology</u> also explains that "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." <u>Id.</u> at 132. The Third Circuit provides examples of such assistance: "[s]ome amicus briefs collect background or factual references that merit judicial notice. Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group." <u>Id.</u> (quoting Luther T. Munford, When Does the Curiae Need An Amicus?, 1 J. App. Prac. & Process 279 (1999)); and

WHEREAS the Court finds, after considering the parties'

positions, that *Amici Curiae's* participation in this action would assist the Court, is relevant and desirable, and *Amici Curiae* present an adequate interest in this action, rendering participation appropriate; and

 WHEREAS *Amici Curiae* represent the interests of a more narrow subset of individuals defined as "vulnerable children with disabilities in the State, including those whose families are indigent or low income; those who are undocumented and/or have limited English proficiency; those whose parents, too, are disabled; those whose parents have limited educations; and those who are involved in the child welfare or juvenile justice systems." (ECF No. 61 at 7; ECF No. 39 at 12-13). Defendants do not explain how these unique interests are represented elsewhere in this action. True, Plaintiffs seek relief on behalf of disabled students, but the interests identified by *Amici Curiae* are more narrowly tailored; and

 WHEREAS the Third Circuit recognizes that *amici* practice may be appropriate where *amici* "explain the impact a potential holding might have on an industry or other group." <u>Neonatology Assocs., P.A.</u>, 293 F.3d at 132. The Court agrees with *Amici Curiae* that consideration of how any potential holding from this Court might impact the particular populations whom *Amici Curiae* seek to represent the interests of in this action would be beneficial and useful to this Court. <u>See</u> (ECF No 39 at 13); and

WHEREAS the Court is satisfied *Amici Curiae* have a significant interest in this action and will provide a unique prospective otherwise unavailable to this Court; and

WHEREAS the proffered information is timely and useful; and

WHEREAS *Amici Curiae*, while certainly favoring Plaintiffs' position, are not unduly partial in a manner that would disqualify them from participating in this action; and

THEREFORE,

IT IS HEREBY on this  18th   day of  December  , 2019

ORDERED that *Amici Curiae's* motion for leave to appear in this action [39] is GRANTED; and it is further

ORDERED that *Amici Curiae's* proposed brief (ECF No. 39-1) is accepted and adopted as their formal submission; and it is further

ORDERD that a hearing on Defendants' Motion to Dismiss the Amended Complaint [28], Plaintiffs' Motion for Class Certification [30], and Plaintiffs' Motion for a Preliminary Injunction [31] shall take place at 10:30 a.m. on January 22, 2019, in Courtroom 3A.  *Amici Curiae* are invited to attend and be heard.

At Camden, New Jersey

                                          __s/ Noel L. Hillman_____
                                          NOEL L. HILLMAN, U.S.D.J.