UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.P., individually and on behalf of F.P., a minor child; D.O., individually and on behalf of M.O., a minor child; S.B.C., individually and on behalf of C.C., a minor child; A.S., individually and on behalf of A.A.S., a minor child; JOHN and JANE DOE, individually and on behalf of their minor child, JAMES DOE; Y.H.S. and H.Y., individually and on behalf of their minor child, C.H.S.; J.M. and E.M. on behalf of their minor children, C.M. and E.M.; M.M., individually and on behalf of K.M.; ROBERTA ROE, on behalf of her minor child ROBIN ROE; E.P., individually and on behalf of her minor child, Ea.P; and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   V.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION and LAMONT REPOLLET,<br><br>            Defendants. | Civil Action No. 19-12807<br><br>**OPINION** |

CATHERINE MERINO REISMAN
REISMAN CAROLLA GRAN & ZUBA LLP
19 CHESTNUT STREET
HADDONFIELD, NJ 08033-1810

1

```
LISA MARIE QUARTAROLO
JOHN RUE & ASSOCIATES, LLC
694 ROUTE 15 SOUTH
LAKE HOPATCONG, NJ 07849

ROBERT CRAIG THURSTON
THURSTON LAW OFFICES LLC
100 SPRINGDALE ROAD A3
PMB 287
CHERRY HILL, NJ 08003

DAVID R. GILES
34 RYNDA ROAD
SOUTH ORANGE, NJ 07079

DENISE LANCHANTIN DWYER
LAW OFFICE OF DENISE LANCHANTIN DWYER LLC
5 DUXBURY CT
PRINCETON JUNCTION, NJ 08550-2137

DONALD A. SOUTAR
JOHN RUE AND ASSOCIATES
37 MAIN STREET
SPARTA, NJ 07871

JEFFREY IAN WASSERMAN
WASSERMAN LEGAL LLC
30B VREELAND ROAD
SUITE 120
FLORHAM PARK, NJ 07932

KRISTA LYNN HALEY
JOHN RUE & ASSOCIATES
37 MAIN ST.
SPARTA, NJ 07871

SARAN QIANA EDWARDS
JOHN RUE & ASSOCIATES
37 MAIN STREET
SPARTA, NJ 07871

JOHN DOUGLAS RUE
JOHN RUE & ASSOCIATES
694 ROUTE 15 SOUTH
SUITE 206
LAKE HOPATCONG, NJ 07849
```

>   *Counsel for Plaintiffs C.P., individually and on behalf of F.P., a minor; D.O., individually and on behalf of M.O., a minor; A.S., individually and on behalf of A.A.S., a minor; S.B.C., individually and on behalf of C.C., a minor; John Doe, individually and on behalf of James Doe, a minor; Jane Doe, individually and on behalf of James Doe, a minor; Y.H.S., individually and on behalf of C.H.S., a minor; H.Y., individually and on behalf of C.H.S., a minor; J.M., individually and on behalf of E.M., a minor; E.M., individually and on behalf of C.M., a minor; M.M., individually and on behalf of K.M., a minor.*

THOMAS JOSEPH O'LEARY
WALSH PIZZI O'REILLY FALANGA LLP
THREE GATEWAY CENTER
100 MULBERRY STREET
15TH FLOOR
NEWARK, NJ 07102

DAVID DANA CRAMER
WALSH PIZZI O'REILLY FALANGA LLP
THREE GATEWAY CENTER
100 MULBERRY STREET
15TH FLOOR
NEWARK, NJ 07102

ZAHIRE DESIREE ESTRELLA-CHAMBERS
WALSH PIZZI O'REILLY FALANGA LLP
THREE GATEWAY CENTER
100 MULBERRY STREET
15TH FLOOR
NEWARK, NJ 07102

CATHERINE MERINO REISMAN
REISMAN CAROLLA GRAN & ZUBA LLP
19 CHESTNUT STREET
HADDONFIELD, NJ 08033-1810

LISA MARIE QUARTAROLO
JOHN RUE & ASSOCIATES, LLC
694 ROUTE 15 SOUTH
LAKE HOPATCONG, NJ 07849

DAVID R. GILES
34 RYNDA ROAD
SOUTH ORANGE, NJ 07079

```
JOHN DOUGLAS RUE
JOHN RUE & ASSOCIATES
694 ROUTE 15 SOUTH
SUITE 206
LAKE HOPATCONG, NJ 07849
```

*Counsel for Plaintiff Roberta Roe.*

```
CATHERINE MERINO REISMAN
REISMAN CAROLLA GRAN & ZUBA LLP
19 CHESTNUT STREET
HADDONFIELD, NJ 08033-1810

ROBERT CRAIG THURSTON
THURSTON LAW OFFICES LLC
100 SPRINGDALE ROAD A3
PMB 287
CHERRY HILL, NJ 08003

JEFFREY IAN WASSERMAN
WASSERMAN LEGAL LLC
30B VREELAND ROAD
SUITE 120
FLORHAM PARK, NJ 07932

JOHN DOUGLAS RUE
JOHN RUE & ASSOCIATES
694 ROUTE 15 SOUTH
SUITE 206
LAKE HOPATCONG, NJ 07849
```

*Counsel for Plaintiff E.P.*

```
AIMEE BLENNER
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

KERRY SORANNO
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
```

LAUREN AMY JENSEN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

    *Counsel for Defendants.*

JENNIFER N. ROSEN VALVERDE
EDUCATION LAW CENTER
RUTGERS UNIVERSITY SCHOOL OF LAW
123 WASHINGTON STREET
NEWARK, NJ 07102

    *Counsel for Amici Curiae SPAN Parent Advocacy Network; Advocates for Children of New Jersey; Council of Parent Attorneys and Advocates; Disability Rights New Jersey; Educational Law Center; NJ Special Education Practitioners; Volunteer Lawyers for Justice; Esther Canty-Barnes, Esq.; and Jennifer N. Rosen Valverde, Esq.*

**HILLMAN, District Judge**

    This putative class action centers on the New Jersey Department of Education's system for processing and issuing decisions on due process petitions filed by children with disabilities and their families under the Individuals with Disabilities Educations Act ("IDEA"), 20 U.S.C. § 1400, et seq. Presently pending before the Court are Plaintiffs' motions for a preliminary injunction and to certify their putative class. For the reasons expressed below, the Court intends to advance the full trial on the merits of Plaintiffs' claims and consolidate it with the hearing on their motion for a preliminary injunction, and will deny the motion to certify their class

without prejudice.

## Background

The Court has previously outlined the factual and procedural background of this case in greater detail in its May 22, 2020 Opinion, (ECF No. 98), and assumes the parties' understanding of this background. Accordingly, it will not repeat those details except as necessary here.

Plaintiffs, a putative class of disabled minor children and their parents, filed an initial complaint in this action on May 22, 2019. (ECF No. 1). Plaintiffs later filed an amended complaint. (ECF No. 21). After Defendants moved to dismiss the amended complaint, (ECF No. 28), Plaintiffs moved for class certification, (ECF No. 30), and for two preliminary injunctions. (ECF No. 31 and 69). After the parties' briefing was submitted, the Court heard oral argument on these motions on February 18, 2020; during that argument, the Court invited Plaintiffs to file a second amended complaint to more fully explain certain factual allegations. Plaintiffs filed their second amended complaint on February 27, (ECF No. 78), bringing claims under the IDEA and 42 U.S.C. § 1983 related to Defendants' alleged systemic failure to decide due process petitions within the 45-day timeframe guaranteed by the IDEA.

The Court then continued the hearing on Plaintiffs' motion for a preliminary injunction on March 2, and then again on April

15.  After Defendants eventually moved to dismiss the second amended complaint, this Court issued an Opinion and Order on May 22. (ECF No. 98 and 99).  The Opinion granted Defendants' motion to dismiss as to one of the plaintiff families, but denied it as to all other claims.

Shortly after, on May 26, the Court issued a Text Order. (ECF No. 102).  The Text Order informed the parties that the hearing on Plaintiffs' motion for a preliminary injunction would be continued again due to the COVID-19 pandemic, and the hearing previously scheduled for May 28, 2020 would be converted into a telephonic status call.  That Order further "urge[d] the parties to consider consolidating Plaintiffs' outstanding motions for preliminary injunctions with an expedited trial on the merits" pursuant to Fed. R. Civ. P. 65(a)(2), and ordered the parties "to meet and confer before the status conference to ascertain their respective positions on whether a consolidated and expedited trial on the merits would be appropriate."

In a joint letter filed on May 27, Plaintiffs informed the Court that they were in favor of consolidating the injunctive relief aspects of their complaint with an expedited trial, while Defendants opposed consolidation and an expedited trial. Plaintiffs then filed a renewed motion to certify the class on June 7, (ECF No. 108), which Defendants have opposed.  (ECF No. 117).  Plaintiffs later filed a letter with the Court on June

26, in which they informed the Court that they had changed their stance and now supported consolidation and a fully expedited trial on the merits as to all claims for relief. (ECF No. 119). In that letter, they further requested that the Court schedule additional briefing on the issue from both parties.

Finally, on August 12, the Court issued a Text Order finding that additional briefing was necessary, ordered "the parties to show cause why Plaintiff's motion for a preliminary injunction ECF No. 31 should not be consolidated with an expedited trial on the merits of this action pursuant to Rule 65(a)(2)," and set a briefing schedule. (ECF No. 132). Plaintiffs filed a brief supporting consolidation with an expedited trial on the merits on September 3. (ECF No. 134). Defendants then filed a brief opposing consolidation on September 18, (ECF No. 136), to which Plaintiffs responded with a reply brief further supporting consolidation on September 24. (ECF No. 139).

## Discussion

### I. Subject Matter Jurisdiction

Plaintiffs' claims arise under the IDEA and § 1983. This Court, therefore, exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Consolidation under Rule 65(a)(2)

Federal Rule of Civil Procedure 65(a)(2) provides that

"[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."  Accordingly, in cases where "an expedited decision on the merits [is] appropriate, Rule 65(a)(2) of the Federal Rules of Civil Procedure provides a means of securing one." <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981).  In such circumstances, "Rule 65(a)(2) provides a district court with [] discretion" as to whether to engage in consolidation and an expedited trial. <u>Yates Real Estate, Inc. v. Plainfield Zoning Board of Adjustment</u>, 435 F. Supp. 3d 626, 632 (D.N.J. 2020).  However, "a district court should not consolidate a hearing for preliminary relief with a trial on the merits unless the court has given both parties clear and unambiguous notice of its intent to do so." <u>Kane Builders, Inc. v. Southern New Jersey Building Laborer's Dist. Council</u>, 365 F. App'x. 369, 371 (3d Cir. 2010) (quoting <u>Anderson v. Davila</u>, 125 F.3d 148, 157 (3d Cir. 1997)).

The Court hereby announces its intent to advance the full trial of Plaintiffs' claims on the merits and consolidate that trial with its hearing on Plaintiffs' motion for a preliminary injunction.  The Court first notes that the parties have been provided "clear and unambiguous notice" of its intent to utilize Rule 65(a)(2) to expedite resolution of this action.  After the

10

Court issued an Order informing the parties it was considering doing so in May 2020, the parties not only filed a joint letter stating their opinions on such consolidation, but also engaged in a full round of additional briefing on the subject this past September.  Accordingly, both parties have been provided a full opportunity to make their views known, and have been provided sufficient notice of the Court's intent months in advance of the earliest date by which the trial may occur.

The Court next finds that such a consolidation is appropriate here, and in the interests of judicial efficiency and expediency.  The Court has continued the hearing on Plaintiffs' motion for a preliminary injunction, and the motion remains pending and fully briefed.  As Plaintiffs note, the parties here are expected to present the same types of facts and arguments in support and opposition to Plaintiffs' motion for a preliminary injunction as they would at a full trial on the merits; the central issues both for the motion for a preliminary injunction and at any trial on the merits would be essentially identical, namely whether the New Jersey Department of Education has systematically failed to process due process petitions filed by the families of children with disabilities within the 45-day period required by the IDEA, and whether any such delays were the fault of the Department or of Plaintiffs themselves.

While Defendants state that they plan to put forth evidence

11

demonstrating that Plaintiffs themselves were the cause of any delays, and that discovery will be necessary to gather further evidence supporting this argument, the Court's decision here will not stop them from doing so. Rather than scheduling an immediate trial date, the Court will allow the parties to propose a mutually agreeable date for trial, not to be before February 1, 2021. This will allow the parties to decide on a date that will expedite resolution of Plaintiffs' claims while still permitting the parties sufficient time to engage in discovery as necessary to develop the relevant facts and evidence they wish to put forth at trial.

The Court further acknowledges the arguments Defendants have made in opposition to consolidation, specifically regarding the potential difficulties involved in an expedited trial and discovery schedule, and recognizes that these difficulties exist and may be heightened by the current COVID-19 pandemic. However, the Court must also consider the potential harm to Plaintiffs, and the potential members of their putative class, that may be caused by further delay in this action. Over 18 months have passed since the filing of Plaintiffs' initial complaint, and almost 13 months have passed since the filing of their first motion for a preliminary injunction. Plaintiffs allege that New Jersey has engaged in systemic mishandling of special education due process petitions; with each passing day,

12

the potential harm of such alleged failures grows, and is likely amplified by the current pandemic.

The Court is fully aware of the "devastating impact" the COVID-19 pandemic has had on the United States broadly and New Jersey more specifically, and the drastic changes to both daily life and schooling that have resulted from it. See United States v. McFadden, No. 19-15, 2020 WL 4218397, at *3 (D.N.J. July 22, 2020); see also Thakker v. Doll, No. 1:20-cv-480, 2020 WL 1671563, at *2 (M.D. Pa. Mar. 31, 2020) (describing the wide-ranging impacts of the pandemic, including the fact that "[c]hildren have been forced to attend school remotely"). The Court assumes that neither party here would dispute that the pandemic has had, and continues to have, an enormous impact on the lives and education of all children; it seems certain that this impact has been felt even more strongly by children with disabilities and their families, for whom additional assistance from the educational system is already required. Contrary to Defendants' argument that "there is simply no reason for this case to deviate" from the ordinary schedule for discovery and trial under the Federal Rules of Civil Procedure, the Court finds that to delay resolution of this case any longer than necessary risks the potential for serious, long-lasting harm to be suffered by Plaintiffs and the potential members of their putative class.

13

Given this risk, the Court finds that it is both reasonable, and necessary, to expedite the resolution of this action. However, as the Court recognizes the almost unavoidable added difficulty of conducting discovery during a pandemic, the Court expects that both parties will streamline their discovery requests as needed so as to avoid unnecessary delays while still fully pursuing evidence regarding the arguments they intend to put forward at trial. Both sides to this dispute acknowledge and recognize the serious, important issues at stake here, and the necessity of determining whether the children of New Jersey are receiving the level of education and due process that the IDEA guarantees them. The Court therefore expects the parties to work together to find suitable compromises that will allow this action to proceed in the manner outlined herein. The Court leaves to the sound discretion of the able Magistrate Judge assigned to this matter to work with the parties to fashion a timetable and scope of discovery that will balance the competing goals of adequate disclosure of the relevant facts and a timely resolution of the case.

Accordingly, the Court will issue an Order requiring the parties to meet and confer to choose a date for a consolidated trial and hearing on the motion for a preliminary injunction, which they will then propose to the Court. That date must be no earlier than February 1, 2021. The Court will also refer the

parties to Magistrate Judge Karen M. Williams, and order them to schedule and undertake a Rule 16 conference with Judge Williams as soon as possible to create a discovery plan and schedule. All such discovery must be completed before the parties' proposed trial date.

### III. **Plaintiffs' Motion for Class Certification**

Finally, Plaintiffs renewed motion to certify the class, (ECF No. 108), is presently pending before the Court. The Court has reviewed the parties' briefing on the matter, and believes that further discovery may permit the Court to engage in a more thorough analysis of Plaintiffs' motion. Having determined that discovery may aid in the Court's analysis of class certification, the Court will deny Plaintiffs' motion to certify the class without prejudice. Plaintiffs may renew their motion for class certification at the close of discovery.

### Conclusion

For the reasons expressed above, the Court announces its intent to advance the full trial of Plaintiffs' claims on the merits and consolidate it with the hearing for their motion for a preliminary injunction pursuant to Rule 65(a)(2). It will further order the parties to meet and confer regarding a trial date, not to be before February 1, 2021, which the parties will propose to the Court. It will also refer the parties to Magistrate Judge Williams for a Rule 16 conference, which should

be scheduled for as soon as possible, to create a plan and schedule for expedited discovery.  Finally, the Court will deny Plaintiffs' motion for class certification (ECF No. 108) without prejudice.


Date: November 24, 2020                /s Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.