UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

C.P., individually and on
behalf of F.P., a minor
child; D.O. individually
and on behalf of M.O., a
minor child; S.B.C.,
individually and on behalf of
C.C., a minor child; A.S.,
individually and on behalf of
A.A.S., a minor child; M.S.,
individually and on behalf of
her minor child, H.S.;
Y.H.S., individually
and on behalf of his minor
child, C.H.S.; E.M. on behalf
of her minor child, C.M.;
M.M., individually and on
behalf of K.M.; L.G.,
individually and on behalf of
her minor child, T.M.;
E.P., individually and on
behalf of her minor child,
Ea.P.; and on behalf of
ALL OTHERS SIMILARLY
SITUATED,

           Plaintiffs,

   V.

NEW JERSEY DEPARTMENT OF
EDUCATION and ANGELICA ALLEN-
McMILLAN, Acting Commissioner
of Education, in her official
capacity,

           Defendants.

Civil Action No. 19-12807


**OPINION**

CATHERINE MERINO REISMAN
REISMAN CAROLLA GRAN & ZUBA LLP
19 CHESTNUT STREET
HADDONFIELD, NJ 08033-1810

ROBERT CRAIG THURSTON
THURSTON LAW OFFICES LLC
100 SPRINGDALE ROAD A3
PMB 287
CHERRY HILL, NJ 08003

DONALD A. SOUTAR
JOHN RUE AND ASSOCIATES
37 MAIN STREET
SPARTA, NJ 07871

JEFFREY IAN WASSERMAN
WASSERMAN LEGAL LLC
30B VREELAND ROAD
SUITE 120
FLORHAM PARK, NJ 07932

KRISTA LYNN HALEY
JOHN RUE & ASSOCIATES
37 MAIN ST.
SPARTA, NJ 07871

SARAN QIANA EDWARDS
JOHN RUE & ASSOCIATES
37 MAIN STREET
SPARTA, NJ 07871

JOHN DOUGLAS RUE
JOHN RUE & ASSOCIATES
694 ROUTE 15 SOUTH
SUITE 206
LAKE HOPATCONG, NJ 07849

THOMAS JOSEPH O'LEARY
WALSH PIZZI O'REILLY FALANGA LLP
THREE GATEWAY CENTER
100 MULBERRY STREET
15TH FLOOR
NEWARK, NJ 07102

DAVID DANA CRAMER
WALSH PIZZI O'REILLY FALANGA LLP

```
THREE GATEWAY CENTER
100 MULBERRY STREET
15TH FLOOR
NEWARK, NJ 07102

HECTOR DANIEL RUIZ
WALSH PIZZI O'REILLY FALANGA LLP
THREE GATEWAY CENTER
100 MULBERRY STREET
15TH FLOOR
NEWARK, NJ 07102

LISA MARIE QUARTAROLO
JOHN RUE & ASSOCIATES, LLC
694 ROUTE 15 SOUTH
LAKE HOPATCONG, NJ 07849

DAVID R. GILES
34 RYNDA ROAD
SOUTH ORANGE, NJ 07079

DENISE LANCHANTIN DWYER
LAW OFFICE OF DENISE LANCHANTIN DWYER LLC
5 DUXBURY CT
PRINCETON JUNCTION, NJ 08550-2137

SARAN QIANA EDWARDS
JOHN RUE & ASSOCIATES
37 MAIN STREET
SPARTA, NJ 07871

        Counsel for Plaintiffs.

ERIN IRENE HERLIHY
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

COLIN KLIKA
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
```

CAROLYN G. LABIN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

DAVID LEE KALISKY
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

    *Counsel for Defendants.*

LAURIE LEE FICHERA
STATE OF NEW JERSEY, DIVISION OF LAW
HUGHES JUSTIC COMPLEX
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

    *Counsel for OAL*

JENNIFER N. ROSEN VALVERDE
EDUCATION LAW CENTER
RUTGERS UNIVERSITY SCHOOL OF LAW
123 WASHINGTON STREET
NEWARK, NJ 07102

    *Counsel for Amici Curiae SPAN Parent Advocacy Network;*
    *Advocates for Children of New Jersey; Council of Parent*
    *Attorneys and Advocates; Disability Rights New Jersey;*
    *Educational Law Center; NJ Special Education Practitioners;*
    *Volunteer Lawyers for Justice; Esther Canty-Barnes, Esq.;*
    *and Jennifer N. Rosen Valverde, Esq.*

**HILLMAN**, District Judge

    Presently before the Court is an appeal by Plaintiffs of
the Magistrate Judge's order on the deliberative process
privilege and proportionality.  (ECF 211).  For the reasons

expounded below, the Court will affirm the Magistrate Judge's rulings, but will also grant Plaintiffs further limited discovery in light of Plaintiff's pending application for injunctive relief.

<u>**BACKGROUND**</u>

The instant appeal stems from the Magistrate Judge's September 2, 2021 and September 3, 2021 orders. (ECF 203, 202). Plaintiffs sought production of certain materials from the New Jersey Department of Education ("NJDOE") and the Office of Administrative Law ("OAL") for which both entities claimed the deliberative process privilege.  The subject of this appeal is the Magistrate Judge's rejection of Plaintiffs' argument that the deliberative process privilege was per se unavailable in a civil rights action against the state.  (ECF 211-1 at 1).  Also subject of this appeal is the Magistrate Judge's ruling that further depositions did not comport with the proportionality requirement under Federal Rule of Civil Procedure 26(b)(1). (<u>Id</u>.)

Plaintiffs sought to compel NJDOE and OAL to produce certain discovery which both entities withheld, claiming that they were subject to the deliberative process privilege.  (<u>Id</u>.) The Magistrate Judge held oral argument on September 2, 2021, during which, the Magistrate Judge held that that deliberative process privilege was not per se barred in the instant action.

5

(ECF 203).  The next day, September 3, 2021, the Magistrate Judge entered a further order also holding that further depositions did not comport with the proportionality requirement under Rule 26(b)(1).  (ECF 202).  It is against this background that the Court will affirm the Magistrate Judge's decision while granting a subsequent application for additional discovery in light of the subsequent rulings by this Court and the delay, in no part caused by the parties, in the start of a trial on the merits.

**DISCUSSION**

I.    **Subject Matter Jurisdiction**

This Court has jurisdiction over the claims in this matter under 28 U.S.C. § 1331.

II.   **Standard for District Court Review of an Order by a Magistrate Judge**

A District Court may reconsider an order of a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  "Under the 'clearly erroneous' standard,... in the absence of clearly defined parameters, a Magistrate has wide discretion to make interstitial rulings of law in the interests of justice and fairness, provided that the Magistrate's opinion is based on clearly articulated principles." Schroeder v. Boeing Com. Airplane Co., a div. of Boeing Corp., 123 F.R.D.

166, 169 (D.N.J. 1988).  Before finding that a magistrate judge's decision was "clearly erroneous" the District Court reviewing the decision must be "'left with the definite and firm conviction that a mistake has been committed.'" Lawson v. Praxair, Inc., 2021 WL 1207494, at *2 (D.N.J. Mar. 30, 2021)(quoting Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990)).  Similarly, the District Court may only hold that the magistrate judge's opinion was "contrary to law" when "it misinterpreted or misapplied applicable law." Id. at *2.

### III. <u>Ruling Regarding the Deliberative Process Privilege</u>

The deliberative process privilege is a form of executive privilege.  Delaware Riverkeeper Network v. Delaware River Basin Comm'n, 300 F.R.D. 207, 210(D.N.J. 2014). "[T]he deliberative process privilege. . . 'permits the government to withhold documents containing confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice.'" Bayliss v. New Jersey State Police, 622 F. App'x 182, 185 (3d Cir. 2015) (quoting Redland Soccer Club, Inc. v. Dep't of Army of U.S., 55 F.3d 827, 853 (3d Cir.1995)).  The privilege stems from an understanding that "were agencies forced to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer." Id.  To qualify for protection under the privilege the

material in question must be pre-decisional and deliberative. Id. For the first prong, this means that "the document in question "must concern an anticipated agency decision and have been generated prior to the actual decision being reached; it cannot involve a communication concerning the decision made after the decision has already been adopted." Delaware Riverkeeper Network, 300 F.R.D. at 211. (internal quotation marks omitted). In terms of being deliberative, "a document must reflect advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Id. (internal quotation marks omitted).

"After the government makes a sufficient showing of entitlement to the privilege, the district court should balance the competing interests of the parties." Redland Soccer Club, Inc., 55 F.3d at 854. The factors that the Court should consider include "(1) the relevance of the evidence sought; (2) the availability of other evidence; (3) the seriousness of the litigation and issues involved; (4) the role of the government in the litigation; and (5) the potential for inhibiting candor by government employees resulting from such disclosure." Delaware Riverkeeper Network, 300 F.R.D. at 212.

Here, the Court need not scrutinize whether the documents withheld are pre-decisional and deliberative or balance factors

interests of the parties as the issue on appeal is simply whether the Magistrate Judge erred in holding that the deliberative process privilege is not per se inapplicable in this kind of case. After a careful review of the record and the law on this issue, the Court holds that the Magistrate Judge's decision is not clearly erroneous or contrary to law.

The cases that Plaintiffs cite for the proposition that the deliberative process privilege is per se inapplicable in civil rights cases against the state miss the mark. First, in <u>Pearson v. Miller</u>, 211 F.3d 57, 68 (3d Cir. 2000), the Third Circuit was not considering the deliberative process privilege per se but rather whether state confidentiality statutes were worthy of recognition as privileges under federal evidence law. This simple fact makes <u>Pearson</u> not controlling as to the question of whether the deliberative process privilege is per se inapplicable in civil rights cases.

Second, with respect to the privileges discussed in that case, the Third Circuit did not hold such privileges, if recognized, were per se not available in a civil rights case against the state. The Court did note that "[t]he appropriateness of deference to a state's law of privilege is **diminished**, however, in cases in which a defendant state actor alleged to have violated citizens' federal rights is asserting the privilege." <u>Id</u>. (emphasis added). But saying that

9

privileges – any privilege – should be carefully scrutinized to ensure that it is not used to hide a state's denial of a fundamental right is not to say a particular privilege is per se inapplicable in a certain type of case.

In the view of this Court, privileges almost universally represent conflicting values that must be balanced against each other.  Virtually every privilege has exceptions that trump the privilege when some overriding principle takes precedence.  The crime-fraud exception to the attorney client privilege is an obvious example.  As Judge Pollack's thoughtful and comprehensive opinion in Pearson makes clear, each asserted privilege must stand on its own justification and its application and breadth accessed in the context of the claims and facts at issue.  The Magistrate's decision regarding the per se inapplicability of the privilege does the offend the holding in Pearson.

Plaintiff's reliance on Scott v. Bd. of Educ. of City of E. Orange, 219 F.R.D. 333, 337 (D.N.J. 2004), while more directly relevant, does not change the Court's view.  Scott made clear that the deliberative process privilege should not be in play when the actual decision-making process of a state entity "is itself genuinely in dispute".  Id.  The contentions in Scott revolved around a government entity's reason for firing the plaintiff in the case and whether the entity's stated reason was

10

pretextual.  Id. at 336.  That is very close to the facts here,
where Plaintiffs alleged that Defendants "perpetuated a fraud by
actively and affirmatively misleading every parent" whose child
had a FAPE claim.  (ECF 78 at 18).  The allegations in the
Second Amended Complaint involve whether Defendants in fact
violated the statutory procedural framework set forth in the
Individuals with Disabilities Education Act ("IDEA") and go a
step further to suggest that said violation was fraudulent.
(See generally ECF 78).

Plaintiffs argue that "[i]n declining to follow Scott, the
Magistrate Judge failed to address any of the allegations in the
Second Amended Complaint, and as a result, failed to recognize
that the NJDOE's decision making is very much at issue in this
litigation." (ECF 211-1 at 22).  Plaintiffs mischaracterize the
Magistrate Judge's holding.  The specific holding that
Plaintiffs appealed was the Magistrate Judge's decision that
there was no per se bar to asserting the deliberative process
privilege in civil rights cases.  (ECF 203).  Scott does not
stand for the proposition that the deliberative process
privilege can never apply in civil rights cases.  Rather, it
conducted an analysis of the assertion of the privilege based on
the specific facts of that case and determined that the
privilege should yield.  Scott, 219 F.R.D. at 337.  The
Magistrate Judge issued an order following an analysis of the

11

applicability of the deliberative process privilege to the facts
of this case after Plaintiffs filed the instant appeal, (ECF
233), and Plaintiffs never challenged that order.  Given the
narrow focus of this appeal, the Magistrate Judge's decision
regarding the deliberative process privilege was not error.[12]

## IV.   Ruling Under Rule 26

The scope of discovery in a federal action has been
described as "unquestionably broad." Zampetis v. City of Atl.
City, 2018 WL 5729905 (D.N.J. Nov. 2, 2018) (citing Bayer AG v.
Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999)).  Federal Rule
of Civil Procedure 26(b)(1), which generally governs the scope
of discovery, states:

> "Unless otherwise limited by court order, the scope of
> discovery is as follows: Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to any
> party's claim or defense and proportional to the needs of
> the case, considering the importance of the issues at stake
> in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed

[1] Plaintiffs' reliance on Sch. Dist. of Philadelphia v. Deborah
A., 422 F. App'x 76 (3d Cir. 2011) to support the proposition
that IDEA cases are civil rights cases does not change the fact
that the Court has not found any law in the Circuit suggesting
that there is a per se bar on the invocation of the deliberative
process privilege in civil rights cases against the state nor do
Plaintiffs point to any squarely on point.

[2] Plaintiffs have withdrawn their objection to the Magistrate
Judge's ruling on the deliberative process privilege as it
relates to their proposed Rule 23(b)(2) class.  (ECF 345).
However, because the issue is still relevant as to the Rule
23(b)(3) class, the Court still provides its analysis.

discovery outweighs its likely benefit. Information within
this scope of discovery need not be admissible in evidence
to be discoverable." Rule 26(b)(1).

"District Courts have wide discretion in matters of case
management and discovery." Hill v. Barnacle, 2018 WL 4360899 (3d
Cir. Sept. 13, 2018) (citing ZF Meritor, LLC v. Eaton Corp., 696
F.3d 254, 268 (3d Cir. 2012)).  Under this legal standard, the
Court does not find the Magistrate Judge's decision to be
clearly erroneous or contrary to law at the time it was made.

In this case, the Magistrate Judge held that "[t]he Court
finds that additional depositions do not comport with the
proportionality requirements outlined in Fed. R. Civ. P.
26(b)(1)." (ECF 202).  At the time that the Magistrate Judge
made that decision, discovery had already been ongoing for
almost a year. (See ECF 144).  The case as a whole had been
pending for almost two and a half years.  (See ECF 1).  The
depositions that Plaintiffs sought at the time were cumulative
of the depositions already taken in that multiple depositions of
the individuals at the entities for whom the additional fact
witnesses worked had already been taken.  (See ECF 264 at 4-8).
In addition, the additional depositions were noticed right
before the close of fact discovery.  (See ECF 264-2 at 44).
Given that at the time the Magistrate Judge issued her decision
trial was scheduled about two months in the future and summary
judgment briefing was to be prepared before that (See ECF 214),

the Court does not find that the decision was clearly erroneous or contrary to law.

The Court notes though, that, it does not find fault in the Magistrate Judge's decision specifically in light of how temporally close it was to trial at the time it was made. However, because the trial has since been delayed many months due to circumstances outside of the parties' control and because their claims in part revolve around the current practices of Defendants, the Court will allow Plaintiffs further discovery. Specifically, the Court holds that additional discovery is appropriate beyond 2020 through a reasonable time before trial as this matter seeks prospective injunctive relief for a violation of federal law Plaintiffs allege is systemic and ongoing.

This Court has broad discretion to control the timing of discovery and courts have allowed discovery until close to the trial date where the issues in the case called for it. A.E. ex rel. N.E. v. Patriot Pre-Sch., 2011 WL 4860034, at *3 (D.N.J. Oct. 12, 2011) ("[T]he Court has broad discretion to control the method and timing of discovery."); Zenn v. Hosp. Invs., Inc., 1988 WL 107555, at *1 (E.D. Pa. Oct. 14, 1988) ("Discovery may continue until the day trial begins."); Bouwkamp v. CSX Corp., 2007 WL 129033, at *4 (N.D. Ind. Jan. 12, 2007) ("Discovery is also extended until 30 days before trial for the limited purpose

14

of conducting the depositions of Drs. Cusack, Griffith, Bigler and Conrad.")

In terms of what further discovery is sought, Plaintiffs specifically request: (i) a witness to testify in response to a supplemental Rule 30(b)(6) deposition notice for the NJDOE on current practices, and (ii) Dominic Rota, for a supplemental deposition on matters beyond the end of 2020.  Plaintiffs request that Defendants identify and that Plaintiffs have the chance to depose any trial witnesses NJDOE may call to testify on current practices. (ECF 345 at 2).  Plaintiffs similarly request to take a supplemental deposition Rule 30(b)(6) deposition of the OAL with regard to the OAL's current practices and depositions of Judge Bass and Judge Moscowitz who recently spoke at a conference regarding the OAL's current practices in handling special education disputes.[3]  (Id.)

The Court finds these requests reasonable and proportionate to the needs of this case, which is specifically asking for prospective injunctive relief which necessarily requires insight into Defendants' current practices.  A.E. ex rel. N.E., 2011 WL 4860034 at *3.  The Court rejects Defendants' argument that discovery into 2021 and beyond is not warranted because all of

---

[3] Without knowing what these depositions might uncover, and given the centrality of current practices to this action, the Court declines Defendants' request to put a time limit on further depositions at this time.

the named Plaintiffs' claims were resolved in 2020.  (See ECF
346 at 3-4).  Defendants miss the fact that Plaintiffs claims
are transitory in nature and thus, even if the named Plaintiffs
were not harmed beyond 2020, that would not impede their
representation of the classes.  See Richardson v. Bledsoe, 829
F.3d 273, 279 (3d Cir. 2016).  The named Plaintiffs have also
alleged that they are likely to need to use the NJDOE's special
education dispute resolution system in the future, which would
allow them to avail themselves of the well-known mootness
exception for violations of law that are capable of repetition
yet evading review.  Id.; (ECF 345 at 2).

The Court also emphasizes to the parties that this case
raises the integral issue of whether Defendants fraudulently
mislead parents who sought to avail themselves of due process
proceedings.  (ECF 78 at 18).  Thus, to the extent that there
are any further discovery disputes involving the deliberative
process privilege, the Court will consider any objection on that
ground through the lens that the claims in this action that
implicate the very process through which Defendants developed
the guidance on due process proceedings.

Indeed, though Pearson is not on point for the narrow
questions in this instant appeal, it underscored the general
principle that where he government entity's decision-making
process itself is at issue in the suit, privileges yield.  211

16

F.3d at 68 ("The appropriateness of deference to a state's law
of privilege is diminished, however, in cases in which a
defendant state actor alleged to have violated citizens' federal
rights is asserting the privilege.")  Pearson made clear that
the contours of the privilege depend on the "particular
complexities of the case."  Id. at 72; Anilao v. Spota, 2015 WL
5793667, at *19 (E.D.N.Y. Sept. 30, 2015) ("The privilege,
however, may be inapplicable where the deliberations are among
the central issues in the case.")  Scott similarly made clear
that where the "purported reason" for a government action is at
issue, the deliberative process privilege should yield.  219
F.R.D. at 337.  Here, Plaintiffs call into question the
reasoning behind Defendants' formulation of its guidance for
parents and the Court will take that into account in any future
dispute involving the deliberative process privilege.

## CONCLUSION

For the reasons expressed above, the Magistrate
Judge's orders regarding the deliberative process privilege and
proportionality will be affirmed as not clearly erroneous or
contrary to law at the time they were made.  However, the Court
will, as is within its discretion, also grant Plaintiffs further
discovery from 2020 through trial on Defendants' current
policies and practices up through the dates of the additional
discovery so that they parties may present the most accurate and

17

timely picture of whether the Defendants currently comply with

federal law as set forth in the letter of the IDEA.

    An appropriate Order will be entered.


Date: March 16, 2022           /s Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.