**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

C.P., individually and on
behalf of F.P., a minor
child; D.O., individually and
on behalf of M.O., a minor
child; S.B.C., individually
and on behalf of C.C., a
minor child; A.S.,
individually and on behalf of
A.A.S., a minor child; M.S.,
individually and on behalf of
their minor child, H.S.;
Y.H.S., individually and on
behalf of his minor child,
C.H.S.; E.M. on behalf of her
minor child, C.M.; M.M.,
individually and on behalf of
K.M.; L.G., individually and
on behalf of her minor child,
T.M.; E.P., individually and
on behalf of her minor child,
Ea.P; and on behalf of all
others similarly situated,

        Plaintiffs,

    V.

NEW JERSEY DEPARTMENT OF
EDUCATION and ANGELICA ALLEN-
McMILLAN, Acting Commissioner
of Education, in her official
capacity,

        Defendants.

_____

1:19-cv-12807-NLH-MJS

**OPINION**

Appearances:

CATHERINE MERINO REISMAN
REISMAN CAROLLA GRAN & ZUBA LLP
19 CHESTNUT STREET
HADDONFIELD, N.J. 08033-1810

LISA MARIE QUARTAROLO
LAW OFFICE OF LISA M. QUARTAROLO
943 BROAD ROAD
BRIDGEWATER, N.J. 08807

ROBERT CRAIG THURSTON
THURSTON LAW OFFICES LLC
433 RIVER ROAD
SUITE 1315
HIGHLAND PARK, N.J. 08904-1940

DAVID R. GILES
34 RYNDA ROAD
SOUTH ORANGE, N.J. 07079

DENISE LANCHANTIN DWYER
LAW OFFICES OF DENISE LANCHANTIN DWYER LLC
5 DUXBURY COURT
PRINCETON JUNCTION, N.J. 08550-2137

DONALD A. SOUTAR
COYLE & MORRIS LLP
201 LITTLETON ROAD
SUITE 210
MORRIS PLAINS, N.J. 07950

JEFFREY IAN WASSERMAN
WASSERMAN LEGAL LLC
1200 ROUTE 22 EAST
SUITE 2000, # 2238
BRIDGEWATER, N.J. 08807

KRISTA HALEY RUE
SARAN QIANA EDWARDS
JOHN DOUGLAS RUE
JOHN RUE & ASSOCIATES LLC
100 OVERLOOK CENTER
2ND FLOOR, #9211
PRINCETON, N.J. 08540

THOMAS JOSEPH O'LEARY
DAVID DANA CRAMER
HECTOR DANIEL RUIZ
WALSH PIZZI O'REILLY FALANGA LLP
THREE GATEWAY CENTER
100 MULBERRY STREET
15TH FLOOR

2

NEWARK, N.J. 07102

     *On behalf of Plaintiffs*

KERRY SORANNO
CAROLYN G. LABIN
COLIN KLIKA
DAVID LEE KALISKY
ERIN IRENE HERLIHY
PHOENIX NICOLE MEYERS
OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
DIVISION OF LAW
RJ HUGHES JUSTICE COMPLEX
25 MARKET STREET
P.O. BOX 112
TRENTON, N.J. 08625-0112

     *On behalf of Defendants*

JENNIFER N. ROSEN VALVERDE
EDUCATION LAW CENTER
RUTGERS UNIVERSITY SCHOOL OF LAW
123 WASHINGTON STREET
NEWARK, N.J. 07102

     *On behalf of Amici Curiae*

LAURIE LEE FICHERA
STATE OF NEW JERSEY, DIVISION OF LAW
HUGHES JUSTIC COMPLEX
25 MARKET STREET
P.O. BOX 112
TRENTON, N.J. 08625-0112

     *On behalf of Objector*

**HILLMAN**, District Judge

     Pending before the Court are Plaintiffs' motion to appoint

substitute class counsel and approve the proposed plan for class

counsel, (ECF 512), and Rutgers University's Education and

Health Law Clinic's ("Education and Health Law Clinic" or

"clinic") motion to withdraw as counsel for the Education Law

Center ("ELC"), (ECF 523).  For the reasons expressed below, the clinic's motion will be granted and Plaintiffs' motion will be granted subject to the set-forth conditions.

## I. Background

The Court certified the relevant classes in this action in an August 19, 2022 opinion and order and evaluated John Rue & Associates, LLC ("JR&A") and "collaborating counsel" under the standard for appointment of class counsel set forth in Federal Rule of Civil Procedure 23(g), ultimately granting JR&A's certification motions.  (ECF 384; ECF 385).  The parties thereafter engaged in settlement negotiations, culminating in a motion for preliminary approval filed on June 9, 2023.  (ECF 462).

The Court held a status hearing on June 12, 2023, after which the parties were to address identified concerns with notice, the class website, and fee-application process.  JR&A filed an amended certification on June 23, 2023.  (ECF 465; ECF 465-1).  That same day, Jennifer N. Rosen Valverde, on behalf of the Education and Health Law Clinic and amici, submitted a letter to the Court raising concerns with the settlement agreement.  (ECF 464).

A hearing was scheduled for June 27, 2023, (ECF 463), but the parties requested an adjournment, (ECF 466), and – later – Plaintiffs sought for the Court to clarify its order appointing

class counsel, (ECF 469).  The Court held a hearing on July 11, 2023 during which it declined to proceed with preliminary approval of the settlement in light of amici's concerns – particularly with respect to notice, which the Court concluded warranted consideration by the parties – and the pending motion to clarify, which had resulted in JR&A retaining counsel.  The proceeding weeks of filings revealed significant infighting among Plaintiffs' counsel.

Interpreting Federal Rule of Civil Procedure 23(g)(1)(E) – which permits "further orders in connection with the appointment" of class counsel – as placing on it "an ongoing duty to monitor the adequacy of representation," the Court ordered JR&A to show cause why it should not have been disqualified as class counsel, invited motions for appointment of substitute counsel, and denied the motion to clarify as moot. (ECF 504 at 3-5 (quoting Smith v. SEECO, Inc., No. 4:14-CV-00435, 2017 WL 2390640, at *1 (E.D. Ark. June 1, 2017)). JR&A submitted a letter on the docket indicating that it would not oppose removal as class counsel and recommending Reisman Carolla Gran & Zuba LLP ("RCGZ") as interim class counsel.  (ECF 503). On August 23, 2023, the Court entered an order to show cause why RCGZ should not serve as interim class counsel.  (ECF 505).  No opposition was filed and, on August 30, 2023, the Court appointed RCGZ as interim class counsel until the selection of

permanent class counsel.  (ECF 511).

Plaintiffs filed the instant motion to appoint substitute counsel on September 8, 2023, proposing a steering committee of RCGZ, the Law Office of David R. Giles ("Giles"), and amicus ELC to be assisted by the Law Office of Denise Lanchantin Dwyer LLC ("Dwyer"), Thurston Law Offices LLC ("Thurston"), and Wasserman Legal LLC ("Wasserman").  (ECF 512 at 2).  In apparent response to the Court's order to show cause requesting details as to how proposed class counsel will finalize and implement the settlement, (ECF 504 at 4-5), Plaintiffs' motion further provides counsel's responsibilities in areas including the establishment and maintenance of the class website and email address, motion practice, interviewing and meeting with the monitor, and responding to class inquiries, (ECF 512 at 19-26). Defendants filed an opposition, (ECF 522), to which Plaintiffs replied, (ECF 525).  The Court heard oral argument during a motion hearing held on October 16, 2023.

In the meantime, Plaintiffs entered into a stipulation and consent order whereby JR&A withdrew as class counsel, mooting the Court's order to show cause.  (ECF 515).  On October 3, 2023, recognizing ELC's proposed role on the steering committee rather than as amicus curiae, the clinic filed the pending motion to withdraw as counsel for ELC while continuing to

represent remaining amici.  (ECF 523).

**II. Discussion**

**A. Jurisdiction**

Plaintiffs' claims arise out of Individuals with Disabilities Education Act and 42 U.S.C. § 1983 and the Court therefore exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**B. Federal Rule of Civil Procedure 23(g)**

Generally, when a court certifies a class it must also appoint class counsel.  See Fed. R. Civ. P. 23(g)(1); Bing Li v. Aeterna Zentaris, Inc., 324 F.R.D. 331, 346 (D.N.J. Feb. 28, 2018).  Courts appointing class counsel must consider the work counsel has performed in identifying or investigating potential claims; counsel's experience in class actions, complex litigation, and the types of claims asserted in the instant action; counsel's knowledge of applicable law; and the resources counsel will commit to representation of the class.  Fed. R. Civ. P. 23(g)(1)(A).  Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

Class counsel may be appointed only if they are adequate under the factors set forth in Rule 23(g)(1) and meet Rule 23(g)(4)'s requirement to "fairly and adequately represent the

interests of the class." See Fed. R. Civ. P. 23(g)(2).  Courts have determined the adequacy of proposed class counsel by looking to evidence such as certifications and declarations detailing counsel's experience, work performed, and willingness to commit necessary resources.  Rieger v. Volkswagen Grp. of Am., Inc., No. 1:21-cv-10546, 2023 WL 3271116, at *25 (D.N.J. May 4, 2023).  The relevant Rule 23(g) factors are to be weighed, with determinative emphasis not placed on any one factor.  See Fed. R. Civ. P. 23 advisory committee's note to the 2003 amendment.

## III. Analysis

### A. Plaintiffs' Motion to Appoint Substitute Class Counsel

Defendants raise two primary arguments in their opposition to Plaintiffs' motion, ELC's transition from amicus to serving on the steering committee and the adequacy of counsel's proposed plan.  The Court will address these arguments in reverse order.

Defendants' opposition repeats its familiar and not unreasonable refrain from recent months "that they just want to know who they can talk to and who makes decisions for the class" following the shuffling of class counsel.  (ECF 522 at 17).  Plaintiffs' proposed plan fails to detail who Defendants are to communicate with during the monitoring period, is unclear as to how class counsel will make decisions, and describes post-judgment monitoring the fees for which were not contemplated by

8

the parties in settlement, according to Defendants.  (Id. at 18-19).

Plaintiffs, in their reply, state that Defendants may contact any member of class counsel but offer RCGZ as a designated point-of-contact; decisions will be made by majority rule among three-member steering committee of RCGZ, Giles, and ELC; and it is premature to discuss what work may or may not be compensable without context and such disputes may be handled at the time of a fee request or petition.  (ECF 525 at 4-5, 5 n.5).

The Court notes that proposed plans such as the one accompanying Plaintiffs' motion are not expressly required by Rule 23 but rather the Court requested such a plan in its initial order to show cause.  (ECF 504 at 4-5).  The secondary authorities cited by Defendants, while persuasive, are not binding on the Court and – in the Court's view – are most applicable to counsel structures broader or more contentious than the single motion at issue here which has not been met by a competing submission and proposes a steering committee of three supported by three additional counsel.

To the extent that the proposal was requested by the Court and is pertinent to proposed class counsel's ability to fairly and adequately represent the interests of the classes, see Fed. R. Civ. P. 23(g)(1)(B), the Court is comforted by the representations made in Plaintiffs' reply brief and during the

October 16, 2023 hearing.  RCGZ has been offered, both in
Plaintiffs' reply and during the hearing, as point-of-contact
counsel and the majority-rules method of decision-making among
RCGZ, Giles, and ELC has been confirmed by both Plaintiffs'
reply and the hearing.  The Court further finds, and the parties
appeared to agree at the hearing, that the Court will rule on
fee disputes and the terms of the settlement agreement shall
govern.

    With those clarifications and assurances in place, the
Court is comfortable with the general structure of class counsel
and concludes that Plaintiffs' proposed plan offers sufficient
detail.  See 3 Newberg and Rubenstein on Class Actions § 10:11
(6th ed. June 2023 update) ("In some cases, multiple lawyers
whose cases have been consolidated or who have filed in the same
court will agree on a leadership structure among themselves.
Such an arrangement saves the court time; however, the judge
still has a fiduciary duty to the class, and to safeguard their
interests, she should ensure that she is comfortable with the
proposed structure." (citing In re Payment Card Interchange Fee
and Merchant Disc. Antitrust Litig., No. MDL 05-1720, 2006 WL
2038650 (E.D.N.Y. Feb. 24, 2006))).

    More concerning to the Court is Defendants' primary
argument concerning the propriety of ELC shifting from its role
as part of amici to a member of the steering committee.  The

parties have not identified, and the Court itself has not found, a decision involving a similar effort to transition from amicus to class counsel.  Defendants note in their opposition that amici, represented by the clinic, have raised concerns with the signed settlement agreement and therefore hold positions in conflict with the classes, existing settlement, and other two members of the steering committee – calling into question ELC's ability to serve in a fiduciary role and fairly and adequately represent the classes' interests.  (ECF 522 at 8-15).  In addition to introducing potential contention at this late stage, Defendants argue that ELC's participation as class counsel would be inappropriate because it – unlike other proposed members of class counsel – has not represented individual members of the classes and has not performed relevant work such as identifying and investigating potential claims.  (Id. at 12-13).

The Third Circuit has adopted a "balancing approach" to matters in which disqualification of class counsel due to a conflict of interest has been sought.  Dittimus-Bey v. Taylor, No. 05-063, 2013 WL 6022128, at *3 (D.N.J. Nov. 12, 2013) (quoting Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 589 (3d Cir. 1999)).  Factors to be balanced include the information in the attorney's possession, availability of such information elsewhere, importance of the information to the issues in dispute, actual prejudice flowing from the attorney's possession

11

of the information, cost and ease with which class members may
secure new counsel, complexity of litigation, and time necessary
for new counsel to familiarize themselves with the case.  Lazy
Oil Co., 166 F.3d at 590 (citing In re "Agent Orange" Prod.
Liab. Litig., 800 F.2d 14, 19 (2d Cir. 1986)).  If a class
representative objects to a settlement, class counsel may
continue to represent remaining class representatives and
members "as long as the interest of the class in continued
representation by experienced counsel is not outweighed by the
actual prejudice to the objectors of being opposed by their
former counsel."  Id.

Defendants offer Lazy Oil Co. as the applicable standard
for the pending motion and opposition.  (ECF 522 at 10-11).  The
Court finds, however, that the majority of the stated factors
are not readily applicable to the pending motion and the issue
in Lazy Oil Co. – class counsel's continued representation of
the plaintiffs in a position allegedly adverse to the objectors,
166 F.3d at 588 – is distinguishable from ELC's present effort
to shift from representing vulnerable children such as those of
indigent families, who are undocumented immigrants, or who are
involved in the child-welfare or juvenile-justice systems as
amici, (ECF 61 at 7), to a broader role as class counsel.

Nonetheless, and as stated during the motion hearing, the
Court agrees with Defendants that ELC's proposed transition from

12

third-party advocate to class counsel risks unfairness to
Defendants and disruption of the orderly consummation,
implementation, and monitoring of the settlement.  These shared
concerns, in the Court's view, do not implicate the New Jersey
Rule of Professional Conduct ("R.P.C."), but rather pertain to
the potential unintended consequence of ELC's prior role
undermining, even subtly or unconsciously, the current or future
implementation of settlement.

Gregory G. Little, chief trial counsel and chairman of the
board for ELC, assured the Court during the motion hearing that
ELC has raised concerns with – as opposed to objections to – the
settlement in the interest of making the settlement as strong as
possible and that ELC nonetheless endorses the settlement, will
not object to it, and will advocate on its behalf during the
fairness hearing.  Plaintiffs further shared the parties'
continuing efforts during RCGZ's tenure as interim class
counsel, including the significant step of selecting a monitor
in coordination with Defendants.

This progress and Little's assurances lead the Court to
conclude that it and Defendants' concerns are best addressed
with safeguards as opposed to complete or partial denial of
Plaintiffs' motion.  The Court conditions its approval of
proposed class counsel on two prerequisites discussed during the
motion hearing.  First, ELC's executive director shall sign the

existing settlement agreement and pledge ELC's commitment to
advocating in favor of its full terms.  Second – in addition to
serving as the point-of-contact for Defendants and the monitor –
RCGZ shall serve as the sole point-of-contact for third parties
including amici and Little and ELC's executive director shall
attest in writing that no one affiliated with ELC will
communicate with Valverde, the Education and Health Law Clinic,
or amici regarding this matter.  This second condition, as
stated during the motion hearing, should not be interpreted as
the Court calling into question the intentions of Little, ELC,
Valverde, the clinic, or amici but rather is intended to avoid
any perception of potential backchannel communications.

The Court is satisfied that these conditions – combined
with the majority rules, two-votes-to-one structure proposed by
Plaintiffs, which dilutes the influence of any one member –
afford sufficient protection from the concerns raised by
Defendants and the Court and that the benefits proposed
counsel's experience and expertise offer the classes outweigh
any real or perceived prejudice.

Having addressed these conflict concerns, the Court will
move on to the adequacy of proposed counsel pursuant to Rule
23(g).

Plaintiffs' supporting brief cites to certifications of
counsel submitted in motion practice relating to class

14

certification and the motion to clarify – providing pertinent
information including RCGZ, Giles, Dwyer, Thurston, and
Wasserman's qualifications and experience with similar and other
complex matters and counsel's time spent on this case and
related responsibilities.  (ECF 30-9; ECF 487-1; ECF 487-3; ECF
487-4; ECF 487-5; ECF 487-6; ECF 512 at 3-9, 16-19).  The Court
does not read Defendants' opposition as calling into question
the adequacy of these members of proposed class counsel and is
independently satisfied with counsel's knowledge and experience,
prior and ongoing efforts, and the resources that have and will
continue to be collectively dedicated to the representation of
the classes.  See Fed. R. Civ. P. 23(g)(1)(A).  This conclusion,
based on Plaintiffs' motion brief and the certifications of
counsel, is further supported by the Court's firsthand
experience with proposed counsel throughout this litigation.

     With respect to ELC, the pending motion includes a
certification from Little reviewing ELC's work serving as sole
class counsel in the Abbott series of cases in New Jersey as
well as class counsel in federal special-education cases M.A. v.
Newark Public Schools, which resulted in a settlement that has
led to increased identification of students with disabilities
and provision of related services, and D.R. v. Michigan
Department of Education, which resulted in a settlement
providing funding for students in Flint, Michigan who had been

exposed to lead.  (ECF 512-1 at ¶¶ 5-7).  Little's certification further details the experience he; Jessica Lavin, ELC's acting litigation director and director of its Public Funds Public Schools project; and Elizabeth Athos, a senior attorney at ELC, each have with education law and other complex litigation and each's relevant credentials.  (Id. at ¶¶ 9-19).

The Court is satisfied, subject to the conditions described above, that ELC meets the adequacy requirements of Rule 23(g)(1)(A) and is otherwise capable of and committed to fairly representing the interests of the classes.  While Defendants assert that, in addition to its alleged conflict of interest, ELC should not serve as class counsel because it did not represent class members and thus did not perform duties such as identifying or investigating potential claims, (ECF 522 at 12-13), the Court is reminded that no one Rule 23(g) factor is to be determinative, see Fed. R. Civ. P. 23 advisory committee's note to the 2003 amendment.  Furthermore, the Court concludes that ELC's lack of identification or investigation of potential claims should be given minimal weight in light of the unique, late-stage change in class counsel and ELC's proposed role focused on the fairness hearing and enforcement of the settlement.  (ECF 512 at 22, 26); see also Victorino v. FCA US LLC, No. 16cv1617, 2022 WL 1125769, at *2 (S.D. Cal. Apr. 14, 2022) (finding Rule 23(g)(1)(A)(i) to be irrelevant as proposed

16

co-class counsel was to be brought on to try the case rather than investigate or identify potential claims).  The remaining Rule 23(g)(1) factors strongly favor granting Plaintiffs' motion and the Court finds that the classes will benefit from ELC's experience and expertise.  Particularly important to the Court's decision is ELC's experience with the Abbott series of decisions, which have been significant in New Jersey special-education law, and its recent successful representation of the children of Flint.

The Court will therefore grant Plaintiffs' motion subject to the conditions set forth above.  Plaintiffs will be provided fourteen days to file a copy of the settlement agreement signed by ELC's executive director; a document signed by ELC's executive director pledging ELC's endorsement of, and willingness to fully support, the full terms of the settlement agreement; and a document signed by Catherine Merino Reisman of RCGZ, Little, and ELC's executive director stating that RCGZ will serve as the sole point-of-contact for third parties, including amici, and that those affiliated with ELC will not communicate with Valverde, the Education and Health Law Clinic, or amici regarding this matter.

**B. The Clinic's Motion to Withdraw**

Related to Plaintiffs' motion to appoint substitute class counsel is the Education and Health Law Clinic's motion to

withdraw as counsel for ELC while staying on as counsel for remaining amici.  Little represented to the Court during the October 16, 2023 motion hearing that the motion to withdraw is intended to avoid the appearance of conflict in ELC's proposed role as class counsel.

In this District, "[a]fter a case has been first set for trial, substitution and withdrawal shall not be permitted except by leave of Court."  L. Civ. R. 102.1.  Courts evaluating a motion to withdraw consider the factors set forth in R.P.C. 1.16.  See Liberty Mut. Ins. Co. v. Yip, No. 20-3641, 2021 WL 4206299, at *1 (D.N.J. Sept. 16, 2021) (citing L. Civ. R. 103.1 and Haines v. Liggett Grp., Inc., 814 F. Supp. 414, 422-23 (D.N.J. Jan. 26, 1993)).  Pursuant to R.P.C. 1.16, an attorney may withdraw from representation if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

R.P.C. 1.16(b).

Beyond the R.P.C. 1.16 factors, courts may also consider "[(a)] the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case." Sosinavage v. Thomson, Nos. 14-3292 & 14-3323, 2021 WL 10716633, at *2 (D.N.J. Aug. 24, 2021) (quoting Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. Mar. 25, 1996)).  The decision whether to permit withdrawal rests in the discretion of the Court notwithstanding demonstration of "good cause" pursuant to R.P.C. 1.16.  See Shah v. Am. Airlines, Inc., No. 17-6298, 2021 WL 10717107, at *2 (D.N.J. Dec. 6, 2021) (quoting Pollis v. Bd. of Chosen Freeholders, No. 09-3009, 2010 WL 11693573, at *1 (D.N.J. Aug. 13, 2010)).

The Education and Health Law Clinic's motion is not accompanied by a brief and the Court may only presume its position as to the relevant factors.  The Court will nonetheless grant the motion.  Significantly, the clinic represents to the Court that ELC consents to its withdrawal, (ECF 523 at 2), and the motion is unopposed,[1]  see Sundholm v. eSuites Hotels, LLC,

---

[1] The applicable motion day for the Education and Health Law Clinic's motion is November 6, 2023.  Unless otherwise ordered or permitted, motion oppositions must be filed no less than

No. 14-1996, 2014 WL 5359003, at *2 (D.N.J. Oct. 20, 2014) (granting defense counsel's motion to withdraw while noting that the parties did not object to the withdrawal and it did not appear that withdrawal would cause any prejudice or interfere with resolution of the case).

The Court further finds that, while presented as a motion to withdraw, the consequences of granting or denying the pending motion are unlike that of a typical motion to withdraw in which a lay party may be left unrepresented and delay and prejudice may ensue as new counsel is sought.  The clinic's withdrawal is, instead, prompted by ELC's transition into a proposed new role as class counsel, (ECF 523 at 2), and the Court may readily deduce from Little's statements during the October 16, 2023 hearing that withdrawal is being sought to avoid any actual or perceived conflict.

Denying the clinic's motion, in the Court's view, would frustrate the aims of the to-be-appointed class counsel and do far more to prejudice other litigants, harm the administration of justice, and delay a resolution to this case than granting it.  The Court therefore holds that "other good cause for withdrawal exists," see R.P.C. 1.16(b)(7), and the Education and Health Law Clinic's motion will be granted.

---

fourteen days prior to the motion date.  L. Civ. R. 7.1(d)(2). Any opposition was therefore due on October 23, 2023.

## IV. Conclusion

For the reasons stated above, the Education and Health Law Clinic's motion to withdraw as counsel for ELC, (ECF 523), will be granted and Plaintiffs' motion to appoint substitute class counsel and approve the proposed plan for class counsel, (ECF 512), will be granted subject to the stated conditions.

Plaintiffs will be provided fourteen days to file a copy of the settlement agreement signed by ELC's executive director and documents pledging ELC's endorsement of the full terms of the settlement agreement and stating that RCGZ will serve as the sole point-of-contact for third parties, including amici, and that ELC will not communicate with Valverde, the clinic, or amici regarding this matter.

An appropriate Order will accompany this Opinion.


Date: October 27, 2023                    s/ Noel L. Hillman
At Camden, New Jersey             Noel L. Hillman, U.S.D.J.