# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.P., individually and on behalf of F.P., a minor child; D.O. individually and on behalf of M.O., a minor child; S.B.C., individually and on behalf of C.C., a minor child; A.S., individually and on behalf of A.A.S., a minor child; M.S., individually and on behalf of her minor child, H.S.; Y.H.S., individually and on behalf of his minor child, C.H.S.; E.M. on behalf of her minor child, C.M.; M.M., individually and on behalf of K.M.; L.G., individually and on behalf of her minor child, T.M.; E.P., individually and on behalf of her minor child, Ea.P.; and on behalf of ALL OTHERS SIMILARLY SITUATED,<br>         Plaintiffs,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION; KEVIN DEHMER, Interim Commissioner of Education, in his official capacity,<br>         Defendants. | Civil Action No. 19-cv-12807<br><br><br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT AND AWARD OF ATTORNEYS' FEES** |

WHEREAS, the above-captioned action, *C.P. v. New Jersey Dep't of Educ.*, Case No. 19-cv-12807 (the Action), is pending before this Court alleging systemic violations of timelines for due process bearings under the Individuals with Disabilities Education Act (IDEA);

WHEREAS, on August 19, 2022, this Court certified a Class pursuant to Fed. R. Civ. P. 23(b)(2) and an Issues Class pursuant to Fed. R. Civ. P. 23(b)(3);

WHEREAS, the Classes seek relief against the New Jersey Department of Education (NJDOE) and Kevin Dehmer, in his official capacity as Interim Commissioner of NJDOE;

WHEREAS, the Classes and Defendants (the Parties), through their respective counsel, entered into a Consent Order and Settlement Agreement on December 11, 2023 (the Settlement Agreement), which if approved by the Court, resolves the claims raised in this Action;

WHEREAS, the Parties finalized the Settlement Agreement after extensive arm's length negotiations with the assistance of United States Magistrate Judge Matthew Skahill and United States Magistrate Judge Joel Schneider (ret.) over the course of more than a year;

WHEREAS, on December 18, 2023, the Court issued an Order: (1) finding that the Settlement Agreement appeared to be within the range appropriate for possible approval warranting dissemination of notice to Class Members; (2) approving the Notice and a plan to disseminate the Notice; and (3) preliminarily approving the Settlement Agreement (ECF No. 549, the Preliminary Approval Order);

WHEREAS, the Preliminary Approval Order also set deadlines for the receipt of written objections to the Settlement Agreement and scheduled a Fairness Hearing pursuant to Fed. R. Civ. P. 23(e);

WHEREAS, on February 2, 2024, the Court issued an Order extending certain deadlines, including extending the deadline by which written objections to the Settlement Agreement must be received by Class Counsel to February 27, 2024, and continued the Fairness Hearing to April 11, 2024 at 10 a.m. (ECF No. 559, the Extension Order);

WHEREAS, the Extension Order provided that the Parties shall amend the Notice approved by the Court to reflect the deadlines set forth in the Extension Order;

WHEREAS, the Parties disseminated the Notice to 5,483 Class Members consistent with the Preliminary Approval Order and Extension Order, and as further outlined in the Settlement Agreement;

WHEREAS, Class Counsel received three written objections to the Settlement Agreement from class members and one written objection from an individual who is not a class member, such that only .07% of the Class objected to the Settlement Agreement;

WHEREAS, Class Counsel included the written objections as an exhibit to the Motion for Final Approval;

WHEREAS, the Court held a Fairness Hearing on April 11, 2024 at 10:00 a.m. and considered objections to the Settlement Agreement;

WHEREAS, Plaintiffs have moved the Court for final approval of the proposed Settlement Agreement, including approval of the negotiated $4,750,000 in attorneys' fees and costs in the Settlement Agreement;

WHEREAS, Defendants do not oppose Plaintiffs' Motion for Final Approval of Settlement Agreement and Attorneys' Fees and Costs;

WHEREAS, the Court has presided over proceedings in this Action and has reviewed the pleadings and papers on file, and finds good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Unless otherwise stated, the terms in this Order have the meaning set forth in the Preliminary Approval Order, the Extension Order, or the Settlement Agreement.
2. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the Plaintiffs, the Class Members, and the Defendants.
3. The Parties ensured proper notice of the Settlement Agreement under the Class Action Fairness Act.
4. Distribution of the Settlement Agreement by the Parties, which was done in a manner and form consistent with the Court's Preliminary Approval Order

and Extension Order, meets the requirements of both due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). The notice distributed to known and potential Class Members was the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5. Only .07% of the Class objected to the Settlement Agreement prior to the Fairness Hearing and no further objections were raised at the Fairness Hearing.

6. Upon review of the Parties' written submissions and argument at the Fairness Hearing, and careful consideration of the *Girsh* factors, the Court finds that the Settlement Agreement is fair, reasonable, and adequate to all known and potential Class Members in accordance with Federal Rule of Civil Procedure 23(e)(2). *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 488-89 (3d Cir. 2017) (citing *Girsh v. Jepson*, 521 F.3d 153, 157 (3d Cir. 1975)). Accordingly, the Court hereby grants final approval of the proposed Settlement Agreement.

7. As stipulated to and represented by the Parties in the Settlement Agreement, Plaintiffs are prevailing parties and entitled to attorneys' fees and costs in the agreed-upon amount of $4,750,000. Settlement Agreement, Section XIII, ECF No. 546-2 at 25; Stipulation filed with Motion for Final Approval; *see*

5

*also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &. Human Res.*, 532 U.S. 598, 604-05 (2001); *Raab v. City of Ocean City*, 833 F.3d 286, 292-94 (3d Cir. 2016).

8. The Parties conducted arm's length negotiations for attorneys' fees and costs only after reaching agreement on the merits issues affecting the Class Members, and the negotiated sum represents a significant discount from Class Counsel's lodestar. In accordance with Federal Rule of Civil Procedure 23(h), $4,750,000 in attorneys' fees and costs is fair and reasonable, considering the considerable skill and experience of Plaintiffs' Counsel and significant relief for the Class Members. As provided in Section XIII in the Settlement Agreement, Class Counsel is hereby awarded $4,750,000 in attorneys' fees and costs.

9. The Individual Named Plaintiffs shall each receive an incentive award of $5,000, subject to the provisions of the Settlement Agreement.

10. As provided in Section XVII of the Settlement Agreement, the Court shall retain jurisdiction over this Action until termination of the Consent Order and Settlement Agreement, for the purpose of resolving disputes arising under the Order or modifying the Order, or effectuating or enforcing compliance with the Order.

**IT IS SO ORDERED.**

                                                */s/ Edward S. Kiel*
                                                Edward S. Kiel, U.S.D.J.
                                                Date: April 11, 2024