# Law Office of Denise Lanchantin Dwyer LLC

November 23, 2026

**By ECF**
The Honorable Jaynee LaVecchia
Special Master
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

**Re: *C.P., et al. v. N.J. Dep't of Educ., et al.***
**No. 19-cv-12807-ESK-MJS (D.N.J.)**

Dear Justice LaVecchia:

Class Counsel write in response to the request (ECF No. 684) to extend the deadline for stakeholder comments on the Initial Report (ECF No. 672). Class Counsel do not consent to an extension, and believe that the December 16, 2026 deadline set in Special Master Order No. 4 (ECF No. 681) should stand. That said, Class Counsel recognize that the Special Master may exercise her discretion to stage the preparation of the Compliance Plan in the way the Special Master thinks appropriate.

The Special Master's schedule balances two interests that both matter to the Class: providing class members and other stakeholders an opportunity to submit comments on the Special Master's report and moving promptly toward a Compliance Plan. Every month of additional process is a month in which children in pending due process matters remain subject to the delays the Amended Consent Order was meant to end. A comment period of roughly one month from the notice seeking input gives class members, parents, and the special education bar a meaningful opportunity to respond to a report focused on the State's own data, while keeping the process on a timetable that serves all class members, including those whose cases are pending now and who will become class members by filing for due process while this case remains pending.[1]

A longer period would not necessarily produce broader input, but it would certainly produce delay. Comments on the Initial Report need not be lengthy or technical, and class members have been invited to share their experiences with Class Counsel directly and to submit comments to the Special Master. Class Counsel are also continuing to gather and relay class

---

[1] The Special Master's Initial Report (ECF No. 672) on which comment is sought was issued two months prior to the comment deadline, on October 14, 2026, and was posted by Class Counsel on its website that same day.

707 Alexander Road, Suite 208, Princeton, New Jersey 08540 (by appointment only)
Telephone (609) 632-0475 Facsimile (609) 455-1523 e-mail Denise@DLDwyerLaw.com

members' reports. The December 16 date is also not the only opportunity for input. The Compliance Plan process that follows the on-the-record conference will offer further opportunities for stakeholder participation. So, too, does the fact that Class Members (and other stakeholders) are able to contact the Special Master directly, at any time, at 45days@doe.nj.gov.

There are a few assertions in ECF No. 684 that require correction.

- The first sentence of that letter states that Mr. Rue is writing on behalf of certain named plaintiffs "in their capacity as class representatives." That statement not only is untrue—Class Counsel represent them in their capacity as class representatives—it is contrary to Mr. Rue's withdrawal as a member of the Class Counsel team (ECF No. 515).

- While arguing that Class Members lack notice of the comment period, Mr. Rue nonetheless contends that a "parent organizer . . . who is in regular contact with class members" posted the notice to an online group of "about 3,500 members."

- The letter asserts, without attribution, that "Class Counsel have told parents that the parents themselves must do the work of meeting those requirements." Class Counsel have no idea what that is supposed to mean, and Class Counsel are not aware of a single class member who asked for help in providing input, much less any member of Class Counsel responding the way Mr. Rue reports.

- Mr. Rue's assertions about Ms. Reisman's vacation schedule are specious; as Mr. Rue well knows, Class Counsel communicate with Class Members through a dedicated email, info@nj45dayclassaction.com, and thus Ms. Reisman's vacation does not prevent Class Counsel from receiving and responding to emails from Class Members.

Notably, the Certification filed by Mr. Rue in support of this extension request asserts that he has spoken with Rule 23(b)(2) class members, including one current client of his firm, and a parent organizer but does not state that he has spoken with any of the seven named Plaintiffs, the clients on whose behalf he requests an extension. Certification of John D. Rue dated November 23, 2026, ¶3 (ECF No. 684-1).

While Mr. Rue would delay this process by 45 days to allow class members to provide input, he does not identify a single class member who would like to but cannot do so by December 16. Finally, not a single one of Mr. Rue's named plaintiff clients has sought to discuss this case with Class Counsel, and Mr. Rue has instructed Class Counsel not to speak to them.

Ultimately, Class Counsel's objective is to secure the full relief that the Class deserves. Class Counsel obviously defer to the Special Master to determine the schedule that best advances her intended timeframe but submit that having a Compliance Plan in place sooner rather than later is critical to achieving the timely hearings that are the goal of this litigation.

Class Counsel appreciate the Special Master's consideration.

Respectfully,

*/s/ Denise Lanchantin Dwyer*

Denise Lanchantin Dwyer
On Behalf of Class Counsel

Cc: All counsel of record (by ECF)